MURRAY v. WHITCOMB & a.

When a promissory note is given for the purchase-money of lands secured by mortgage, a bill in equity, to foreclose the mortgage, is an action within s. 11, c. 201, Gen. St. And if the vendor, by mistake or design, omit to convey a part of the lands purchased, and for which the note was given, the value of the land omitted may be deducted, in said proceeding, in determining the sum due on the note.

BILL IN EQUITY, to foreclose a mortgage.

The answer admits the execution of the mortgage, and states, in substance, that the defendants purchased of the plaintiff's testator a farm known as the "Richard Ford farm;" that the parties knew what lands were to be conveyed, but the testator, when he made the deed, omitted, by accident or design, to include in his conveyance a large tract of land, of great value, that was included in the purchase, and that the mortgage and note in question were given to secure the purchase-money. On the plaintiff's motion, the court rejected the answer, and the defendants filed their bill of exceptions, which was allowed.

*Murray*, for the plaintiff.

*Norris & Page* and *Sulloway & Topliff*, for the defendants.

BINGHAM, J. We understand that the land purchased, but not conveyed to the extent of its value, increased the sum for which the note was given, and that there was a want of consideration for the note, to the extent of the value of the land not conveyed.

It is claimed that the contract was entire, and that it has never been rescinded—*Way* v. *Cutting*, 17 N. H. 451; that the defendants still hold the deed of the lands conveyed, and, as the failure is only partial, and the value of the land omitted cannot be determined by computation, no deduction can be made from the note. *Sanborn* v. *Osgood*, 16 N. H. 112; *Drew* v. *Towle*, 27 N. H. 412; *Riddle* v. *Gage*, 37 N. H. 519.

At common law, we think that the plaintiff's view is correct. But under the statute of 1861 (Gen. St., c. 201, s. 11) it is provided, that when, in an action upon a promissory note, a total want or failure of consideration would be a defence, a partial want or failure of consideration may be proved in reduction of damages, under a brief statement. *Nichols* v. *Hunton*, 45 N. H. 470; *Butler* v. *Northumberland*, 50 N. H. 33; *Swain* v. *Saltmarsh*, 54 N. H. 9.

This proceeding is to enforce the collection of the note secured by the mortgage. If there is nothing due upon the note, the mortgage is discharged. *Bowman* v. *Manter*, 33 N. H. 530; *Sanborn* v. *Sanborn*,

41 N. H. 306 ; *Furbush* v. *Goodwin*, 25 N. H. 426. This is an action upon a promissory note, within the meaning of the statute, and a sum equal to the value of the land omitted in the conveyance may be deducted from the note.

*Exceptions sustained, and judgment reversed.*