SIMPSON *v.* CURRIER *& a.*

In a suit against sureties, upon a note for $1,000, evidence that at the time they signed it, it was agreed that the plaintiff should furnish the principal an additional sum of $3,000, and that when that was furnished the note for $1,000 should be given up, and the plaintiff should take a note signed by the principal, including both sums, secured by mortgage, is incompetent as tending to vary the written contract.

ASSUMPSIT, to recover the amount of a note for $1,000, signed by the defendants as sureties for one A. A. Currier.

Subject to the plaintiff's exception, the defendants were permitted to introduce evidence that the defendants signed the note in suit as sureties, on the understanding and condition that the plaintiff should loan the principal $3,000 more, and that then the note in suit should be taken up and the plaintiff should take a note for $4,000, secured only by a mortgage of the house of the wife of the principal. When the principal delivered the note in suit to the plaintiff, they had the same understanding and agreement. About a week after, the principal carried to the plaintiff a note for $4,000, and a mortgage duly executed, securing the note, which the plaintiff declined to receive, and, without the knowledge or consent of the defendants, took a note of $3,000 and a mortgage securing that, retaining the note for $1,000 in suit. The defendants had a verdict, which the plaintiff moved to set aside.

*A. W. Sawyer* and *Wadleigh*, for the plaintiff.

*G. Y. Sawyer* and *Sulloway, Topliff & O'Connor*, for the defendants.

STANLEY, J.   The written contract was an unconditional promise to pay the plaintiff, or to his order, one thousand dollars.   The evidence excepted to tended to vary this contract, and to show that the agreement between the parties was, that the sureties were not to pay the one thousand dollars if the plaintiff should loan the principal three thousand dollars more, and should secure that sum, and the one thousand dollars represented by the note in suit, by a mortgage upon certain real estate of the principal's wife, and that the plaintiff had not carried out this agreement.   This made an entirely different contract from that reduced to writing and declared on.   The written contract was an unconditional promise to pay. The one which the parol evidence tended to prove was conditional and defeasible, upon the performance of a distinct collateral agreement between the plaintiff and the principal.   Its tendency was, not to show that there was no consideration, or that there was a partial failure of consideration, but to import into it a condition of which the written contract furnished no evidence.   This agreement was contemporaneous with the note, and the evidence excepted to was in conflict with the rule which forbids the introduction of parol evidence to vary or control a written contract. *Bank* v. *Rogers*, 16 N. H. 9; *Caldwell* v. *Porter*, 17 N. H. 27, 30; *Hunt* v. *Adams*, 7 Mass. 518; *Stackpole* v. *Arnold*, 11 Mass. 27, 32; *Hanson* v. *Stetson*, 5 Pick. 506; *Spring* v. *Lovett*, 11 Pick. 417, 419; *Myrick* v. *Dame*, 9 Cush. 248; *Billings* v. *Billings*, 10 Cush. 178; *Bank* v. *Dunn*, 6 Pet. 51; *Brown* v. *Wiley*, 20 How. 442, 447, 448; *Specht* v. *Howard*, 16 Wall. 564; *Forsythe* v. *Kimball*, 91 U. S. 291, 274; *Brown* v. *Spofford*, 95 U. S. 474, 480; *Ridout* v. *Bristow*, 1 Cr. & J. 231; *Foster* v. *Jolly*, 1 Cr. M. & R. 703; *Rawson* v. *Walker*, 1 Stark. N. P. 361; Big. Bills and Notes, 173; 1 Dan. Neg. Ins. 35, 69, ss. 41, 80, 81.

*Verdict set aside.*

ALLEN, J., did not sit: the others concurred.