NELSON, *Ex'x*, v. HALL & *Wife.*

In a suit in equity brought to foreclose a mortgage of land given to secure the purchase-money, the fact that, without the fault of either party, but through a material mistake of the defendants as to the location of a boundary line, the plaintiff conveyed less land to the defendants than the latter agreed to buy, is not a defence of a partial failure of consideration, but may be a ground of relief in equity.

If the defendants, on a bill brought by themselves, would be entitled to such relief, it may be given upon proper proceedings in the equity suit for foreclosure.

In such a case, upon a reconveyance and restoration of the plaintiff to his former position, after the commencement of the suit, and in a reasonable time after the land was conveyed to the defendants, justice may be done by a decree based on the state of things existing at the time of the decree.

BILL IN EQUITY, to foreclose a mortgage of a farm. Facts found by a referee. August 6, 1877, about a week before his

death, the testator, Nelson, owning the farm, and living upon it, made an oral bargain with the defendants to sell it to them for $1,800. The bargain was made at his house, where he was confined by his last sickness. Nelson pointed out such boundary lines as were in sight, and correctly described another line that was in the woods out of sight. Mr. Hall went over the farm and on the lines thus pointed out, and then on another line which he supposed was the described boundary in the woods, but which included ten acres that were not a part of the farm, and were not Nelson's property. This mistake was not caused by the fault of either party. The next day, the defendants supposing the ten acres were a part of the farm, Nelson conveyed the farm to Mrs. Hall, and the defendants paid him $400, and gave him their joint note for $1,400, and their joint mortgage of the farm to secure the note. Of this mortgage the plaintiff seeks a foreclosure.

The defendants bought the farm for a common home for themselves and their children, intending to unite their money and earnings in paying for it. Each paid one half of the $400, and they have jointly occupied the farm. They did not learn that the ten acres were not conveyed till November or December, 1878. They then informed the plaintiff that they should not pay any part of their note until their claim in regard to the ten acres was adjusted; and they offered to rescind the bargain, but she refused the offer. The defendants have not tendered a deed reconveying the farm, and they continue to live on it, using it as their property.

*Flanders*, for the plaintiff.

*Shirley*, for the defendants.

FOSTER, J.    In *Murray* v. *Whitcomb*, 58 N. H. 50, the answer was, that the vendor did not convey to the defendants what he agreed to convey. In this case, Nelson conveyed to the defendants all he agreed to sell, and all he could sell, but less than they agreed to buy. By reason of a misunderstanding of the location of a boundary line, the minds of the parties did not meet, and there was no irrevocable contract. But upon the misunderstanding, and without any fault on either side, Nelson delivered to the defendants a deed, by which the title of the whole of his farm passed to them; and as his agreement was to sell the farm for $1,800, they cannot keep it without paying him that sum. The law does not make for the parties a contract giving the defendants less land than they agreed to buy, for a less price than Nelson agreed to take.

Upon the present state of facts, the plaintiff is entitled to a decree of foreclosure for the amount of the note; but the defendants may move for leave to reconvey the farm, and restore the plaintiff to the testator's former position, upon an equitable adjustment to

be made at the trial term, where the questions of fact raised by the motion will be decided, and such decree will be made as legal justice requires in the state of things existing at the time of the decree. *Morrill* v. *Hovey*, 59 N. H. 107 ; *Towle* v. *Lawrence*, 59 N. H. 501.

*Case discharged.*

DOE, C. J., did not sit : the others concurred.