Strafford, }
Oct. 5, 1909. }

### WILLSON & a.  v.  LEGRO & a.

Where a grantor of realty conveys all the land he intended to sell and all the grantee understood he purchased, the mere fact that the deed inadvertently describes a part of the land twice does not entitle the grantee to maintain an action at law for the recovery of a proportional part of the purchase price, nor an equitable proceeding for a reformation of the contract.

BILL IN EQUITY, in aid of which an action at law was brought. The controversy is the same as that reported 73 N. H. 515. Facts found, and case transferred from the February term, 1908, of the superior court, by *Stone*, J., who denied the plaintiffs' motion for the assessment of damages in the suit at law and ordered both suits to be dismissed, subject to the plaintiffs' exceptions.

In 1902, the defendants conveyed to the plaintiffs for the sum of $1,778.29 a tract of woodland, which was irregular in shape and was described as consisting of five lots and as containing 344 acres and seventy square rods " more or less." Each of the lots was described by metes and bounds, and the quantity of each was

designated as "more or less." The description concluded with a statement that the intention was to convey the lands covered by the deeds of one Rogers and one Eastman. By mistake or inadvertence, one of the lots containing about ninety acres was described in the deed twice, so that the quantity of land conveyed was ninety acres less than what was mentioned in the description. This mistake was not discovered until some three years later, when the plaintiffs had cut off the wood and timber. They then demanded damages of the defendants, which were refused. The defendants were guilty of no fraud in regard to the quantity of land and acted in good faith in the transaction.

*Pierce & Galloway*, for the plaintiffs.

*George E. Cochrane*, for the defendants.

WALKER, J. The case first came to this court upon an agreed statement of facts. *Willson* v. *Legro*, 73 N. H. 515. No ruling was made thereon by the superior court and there was no agreement providing for a disposition of the controversy. It did not clearly appear what question of law was intended to be presented, or what useful purpose would be served by deciding whether substantial damages could, on some theory, be recovered in the action at law. The case is now transferred a second time upon the plaintiffs' exceptions to the order of the court denying their motion for the assessment of damages and to the order discharging both the bill in equity and the suit at law.

The plaintiffs' contention is, in short, that in some form of action they are equitably entitled to recover of the defendants such a proportional part of the price they paid for the land as ninety (the number of acres not in fact conveyed) bears to the whole number of acres mentioned in the deed. This is equivalent to saying that in case of a mutual mistake by the parties in regard to the quantity of land sold, the grantee may, if he is unable to put the grantor *in statu quo* by a rescission, while retaining what was conveyed to him, compel the grantor to refund a part of the purchase price. But obviously one of the parties to a mutual mistake of that character cannot have all the benefits of the contract as he supposed it to be, and deprive the other equally innocent party of some substantial benefit which accrued to him under the contract as he supposed it to be. The law does not make contracts for parties. *Nelson* v. *Hall*, 60 N. H. 274.

It is urged, however, that the plaintiffs bought and paid for ninety acres of land which the defendants did not convey to them, and that they are entitled to recover therefor upon the ground of

a failure of consideration. But the deed conveyed all the land the defendants intended to convey and all they agreed to sell. *Whitney* v. *Bickford*, 69 N. H. 527. From the description it is apparent they intended to convey the irregular piece of land which was conveyed to them by the deeds from Rogers and Eastman (*Newmarket Mfg. Co.* v. *Pendergast*, 24 N. H. 54, 65), for the consideration named in the deed. The consideration was not apportioned among the several lots mentioned in the description. It related to the entire tract; and it would be inequitable and unjust to them to hold that they may be compelled to refund to the plaintiffs a part of the consideration, in view of the fact that they were guilty of no fraud or deception in regard to the actual quantity of land covered by the deed, and in view of the further fact that the price for the tract does not appear to have been arrived at by a multiplication of the number of acres given in the deed by the average price or value of an acre, or that each acre was equally valuable. Nor is there any finding that the plaintiffs were in fact misled upon the subject of the actual extent of the land; and hence it is not unreasonable to infer that they examined the land and were willing to pay for it the stipulated consideration. The fact that they supposed it contained more acres than it did, whether that supposition was induced by a reading of the deed or by their estimate of the acreage after examination, does not prove that they did not receive for their money the *res* contracted for. When A sells his farm to B, describing it in the deed by metes and bounds and stating that it contains about 100 acres, it would be absurd to hold that a duplicated description of the farm, inserted in the deed by inadvertence, entitled B to recover of A one half of the agreed purchase price.

If, therefore, the plaintiffs got what in fact they understood they bought, and what the defendants understood they sold, the misdescription in the deed resulted in no substantial damage to them. They were not injured in consequence of it. In this view of the case, the mutual mistake of the parties related to an immaterial matter. The liability of the defendants in the action at law cannot be predicated upon the facts transferred. Nor do the facts show that the plaintiffs are entitled to any relief in the bill in equity. The duplicated description of the ninety-acre lot did not prevent the minds of the parties from meeting upon the subject-matter of the conveyance, so as to constitute a binding contract. If this is true, there is no work for equity to do.

*Exceptions overruled.*

All concurred.