Hillsborough, }
June 25, 1925. }

### Pearl A. Stratton v. Israel Stratton & a.

Evidence that a promissory note was signed by the defendant upon the false representation that it was to replace an earlier note which had been lost is not open to objection as tending to vary the written contract. The purport of the evidence is that there was no consideration for the note.

Lack of consideration for a promissory note may be shown in a suit between the original parties.

Assumpsit, upon a promissory note for $6,000. The defendant Israel Stratton was defaulted. Trial by the court and verdict for the defendant Lariviere.

The plaintiff is Israel's wife, and he acted as her agent in the transactions involved here. The defendants were partners. The plaintiff loaned the firm $5,000, which has now been paid. Later Israel procured the execution of this note, and he testified at the trial that it was for added advancements to the firm. The defence was that the note in suit was signed by Lariviere upon Israel's representation that the earlier note was lost. Lariviere was allowed to testify to Israel's representations when the note was given, and to put in evidence a schedule of firm liabilities, prepared under Israel's direction, in which this note was not included. The plaintiff excepted to all of this evidence, and her bill of exceptions was allowed by *Branch*, C. J.

*James A. Broderick* (by brief and orally), for the plaintiff.

*Andrews & Andrews* and *Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for Lariviere.

Peaslee, C. J. The evidence of what Israel said when he procured Lariviere's signature to the note was admissible as tending to contradict Israel's version of that transaction. His statement in the schedule of the firm's assets and liabilities was admissible for the same reason. Each piece of evidence tended to prove that Israel's testimony that the note was given for a loan was untrue, because he had made contradicting statements.

The plaintiff apparently concedes this, but now seeks to have the verdict set aside upon the ground that all this evidence should have been excluded as tending to vary the written contract. *True W. Jones Company* v. *Flaherty*, 80 N. H. 571. The evidence did not

contradict the writing, in the sense in which that term is used in the exclusionary rule. Its purport was that there was no consideration for the note. This may be shown in a suit between the original parties. *Aldrich* v. *Whittaker*, 70 N. H. 627; *Murray* v. *Whitcomb*, 58 N. H. 50. In the cases relied upon by the plaintiff (*Concord Bank* v. *Rogers*, 16 N. H. 9; *Simpson* v. *Currier*, 60 N. H. 19) it was pointed out that the matter in controversy did not involve the question in the present case.

*Exceptions overruled.*

Plummer, J., was absent: the others concurred.