CHARLES J. NESBITT, Respondent, v. SOLOMON HELSER, Appellant.

1. *Agency — Sale of land — Commission — Contract — Different terms.* — A sale of land made by an agent on different terms from those directed by his employer will not bind the latter, although more advantageous than those called for by their contract. But a ratification by the principal of an agreement to sell the land on different terms is equivalent to a prior authority, and the principal will be bound for the amount of commissions agreed upon. And he cannot relieve himself from liability by a refusal to consummate the sale, or by a voluntary act of his own disabling him from performance.

*Appeal from Buchanan Circuit Court.*

*Woodson, Vinyard & Young*, for appellant.

The agency created by the contract sued on was a special as contradistinguished from a general agency, and its directions must have been strictly pursued in order to hold the principal liable under the contract. And it makes no difference that the attempted departure from those instructions by the agent was for the interest and benefit of the principal. Every man has a right to decide for himself how his own business shall be conducted. (Tate v. Evans, 7 Mo. 419; Sto. Eq., §§ 126–7 *et seq.*; Mechanics' Bank v. Schaumberg *et al.*, 38 Mo. 28; Pars. Cont. 59.)

*A. P. Hereford*, for respondent.

A broker or agent who undertakes to sell property for another for commission, if he finds a purchaser willing to buy at the price, has earned his commission and can recover if sale is never completed, provided the failure to complete the same was in consequence of a defect of title and without fault of the broker. (Doty v. Miller, 5 Am. Law Reg. 120.)

WAGNER, Judge, delivered the opinion of the court.

The defendant owned a piece of land in Buchanan county and employed the plaintiff to sell the same, agreeing to give him all that he would obtain over the sum of $1,800 ; the sale to be made on a credit of one, two and three years, payments in equal annual installments, with six per cent. interest. Plaintiff sold the land, but on different and better terms ; that is, the purchaser agreed to pay $2,000 for it, $1,000 in cash and the balance in two equal payments at six and twelve months, with ten per cent. interest. It is alleged that these terms were transmitted to the defendant, and that he approved and ratified the same, and that he was requested to make out and deliver a conveyance of the premises to the purchaser.

When the records were examined an encumbrance was found on the land, and the buyer refused to part with his money and execute the contract till the same was removed. The defendant never executed a deed or took any steps to remove the encumbrance, and the plaintiff has now brought this action to recover $200, the amount which he was to receive for making the sale.

The judge of the Circuit Court having been of counsel by agreement of the parties, the whole case was submitted to Jeff. Chandler, an attorney at law, who heard the evidence, reported the same, and, as a conclusion of law, on the facts determined that the plaintiff was entitled to the amount claimed. Judgment was therefore given for him.

The sale was not made in strict conformity to the original contract, and although it was more advantageous, still that would not bind the principal; for the agent had no authority to vary the terms of the contract, and every man has a right to decide for himself how his business shall be conducted. But the verdict is conclusive that the principal ratified the sale and approved of the agent's conduct, and that was equivalent to a prior authority. It is also a finding that the agent completed his part of the contract, and that the principal neglected to comply with his. It is an established principle that a broker employed to make a sale under an agreement for a commission is entitled to pay when he makes

the sale according to instructions and in good faith; and the principal cannot relieve himself from liability by a refusal to consummate the sale, or by a voluntary act of his own disabling him from performance. (Bailey v. Chapman, 41 Mo. 536; see also Woods v. Stephens, 46 Mo. 555.)

In all things connected with the sale it appears that the plaintiff fulfilled his part of the contract. His performance was complete when he found a purchaser ready and willing to buy and able to complete the agreement. And these facts are all found by the verdict, else the case could not have been decided in favor of the plaintiff under the declarations of law as given. When the contract was reported to the defendant it was his duty to execute the proper conveyance, have the encumbrance canceled, and do everything that was necessary to perfect and carry out the agreement. If he failed to do so, the plaintiff, who had given his time and labor and strictly complied with his part of the contract, should not be made to suffer thereby.

We have not discovered any objections to the instructions either as given or refused. Those given fairly declared the law upon the whole case, and those refused were certainly erroneous. The statute of frauds that is relied upon has nothing to do with the case.

Judgment affirmed. Judge Bliss concurs. Judge Adams absent.