Lines v. Lines.

---

## LINES v. LINES ET AL.

1. **Evidence**: IN ACTIONS AGAINST ADMINISTRATOR: CODE, SECTION 3639. Section 3639 of the Code is limited in its application to testimony of transactions between one at the time of the examination deceased, or insane, and the witness, and does not exclude testimony as to contracts made by the former with another, although the husband or wife of the witness.

2. ——: VARIANCE: PRACTICE. An allegation of facts raising an implied contract is not supported by proof of an express contract, but an objection on the ground of the variance cannot be made for the first time on appeal to the Supreme Court.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, OCTOBER 20.

ACTION at law upon an account for board, etc. There was a verdict and judgment for defendants. Plaintiff appeals.

*T. B. Snyder,* for appellant.

*Hall & Huston,* for appellees.

BECK, J.—I. The plaintiff is the administrator of her deceased husband's estate; the defendants are guardians of J. R. Lines, an insane person, the father of plaintiff's husband.

The action is to recover for the board of J. R. Lines and his wife, had of plaintiff's intestate in his lifetime.

Upon the trial plaintiff offered to prove by her own testimony that there was an express agreement between plaintiff's intestate and J. R. Lines that he and his wife should board with the decedent, and pay for their board, and that under this contract J. R. Lines and his wife did board with decedent for the time alleged in the petition. Upon the objection of defendants the evidence was excluded, and this ruling is the foundation of the first objection to the judgment urged by plaintiff. We will proceed to consider it.

II. Code, section 3639, provides that "no party to an action, * * * nor any person interested in the event thereof, * * * * * * * and no husband or wife of any such party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, insane or lunatic, against the * * * guardian of such insane person or lunatic."

1. EVIDENCE: in actions against administrator: code, section 3639.

This provision is relied upon to support the decision of the court below. It will be observed that it forbids a witness to testify to personal transactions or communications between himself and such person afterwards becoming insane. It does not forbid testimony to personal transactions and communications between such person and another not a witness. Neither does it forbid a party to the action, or a person interested, or his or her wife or husband to testify to personal transactions and communications had with a person other than the party, person interested, or his or her wife or husband. The personal transactions or communications must be had with the witness to authorize the exclusion of his evidence. In this case the personal transaction, viz: the contract for board, was not had with plaintiff, the witness, but with the husband. Her evidence was, therefore, admissible. *Johnson v. Johnson*, 52 Iowa, 586.

*Peck v. McKean,* 45 Iowa, 18, cited by defendant's counsel, is not in conflict with our conclusion. We held in that case that, in an action to recover for services upon an implied contract, brought against an administrator, the plaintiff who performed the services could not, under the section of the Code above quoted, be permitted to testify thereto; that the testimony would tend to establish an implied contract which, with the performance of the labor, amounted to a personal transaction between the parties.

Counsel for defendants insist that the evidence of plaintiff was rightly excluded, for the reason that it varied from the petition, which declared upon an implied promise, the proposed testimony showing an express promise. The petition alleges that the ward of defendants was supplied with board, etc., at his special instance and request, which was of the reasonable value claimed in the petition. No express contract is alleged. The petition clearly declares upon an implied contract. At common law declarations upon implied contracts averred an express promise; the fact as to the character of the contract, whether it be expressed or implied, appeared not upon the record, but in evidence. Gould's Pleadings, page 49 (chapter 3, section 19); 1 Chitty's Pleadings, pages 113, 130; 2 Id., page 37.

2. ——: variance: practice.

But under our system of pleading we allege the facts upon which the cause of action is based. It would not be proper, therefore, to allege a promise when none in fact is made. Miller's Pleadings and Practice, 2d Edition, page 145, *et seq.* The evidence of the express contract, therefore, varied from the allegations of the petition.

But objections upon this ground were in no form raised in the court below, in any stage of the proceeding. The abstract shows that when plaintiff was offered as a witness an objection was made to her giving any material testimony, upon the ground that defendant is an insane person. This objection was repeated at the beginning of the plaintiff's testimony, and after the evidence to the effect above

stated was given, due objection was again made on the ground that the defendant is insane, and the witness is interested in the event of the suit. The evidence upon these objections was excluded. No objection was in any form made to the testimony upon the ground that it varied from the allegations of the petition. Had such objections been urged plaintiff could have amended her petition, making it correspond with the proof. The defendant cannot, after having withheld objection in the court below, first raise it in this court. No other grounds than those upon which the objection to the testimony was based in the court below can be considered. Code, section 2832. See cases under this provision cited in Miller's Code, McClain's Code, and 2 Withrow and Stiles' Digest, 930, section 137, *et seq.*

We cannot, therefore, consider defendant's objection to the testimony, based upon the ground that it varies from the allegations of the petition.

III. The plaintiff offered to prove by a witness statements made by the wife of John R. Lines in his presence, to the effect that they were boarding with plaintiff's intestate.

The witness testified that at the time Lines was not capable of knowing anything about his business. The evidence was rightly excluded, upon the ground that Lines was not capable of making admissions that would bind him. A man with so little mind that he is not capable of knowing anything about his business, cannot bind himself by admissions.

Other questions discussed by counsel need not be considered, for the reason that the judgment of the court below, for the error above pointed out, must be

REVERSED.