## ISELIN ET AL. v. GRIFFITH.

1. **Contract to Sell Land:** PERFORMANCE: FACTS NOT CONSTITUTING. Where, by the terms of a contract, a real estate agent, upon "finding a purchaser" for a tract of land, was to receive certain compensation for his services, and he found one who said that he would take the land, but the owner, having then sold the land to another, was unable to make a deed to the agent's alleged purchaser, *held* that the agent could not recover the agreed compensation, without showing that the purchaser found by him was in a condition to comply with the contract, or to respond in damages for a failure so to do.

2. **Practice in Supreme Court:** OBJECTION TOO LATE. A discrepancy between the allegations and the proof cannot be urged for the first time in this court.

3. **Evidence:** PRACTICE: CONTRADICTING ONE'S OWN WITNESS. A party is never precluded from introducing other evidence contradicting the statements of his own witness. And so, where plaintiffs introduced defendant's answer as evidence on their behalf, they were not bound by the denials therein contained, but could show by other evidence that the things denied were true.

*Appeal from O'Brien District Court.*

WEDNESDAY, JANUARY 30.

ACTION to recover compensation for negotiating the sale

of two tracts of land. The cause was sent to a referee, and, upon his report, judgment was rendered for plaintiffs. Defendant appeals.

*Barrett & Bullis*, for appellant.

*J. B. Emmes*, for appellees.

BECK, J.—I. The petition alleges that defendant, by an oral contract, employed plaintiffs to negotiate the sale of certain land. By the terms of the contract, plaintiffs "were to find a purchaser, or endeavor so to do," and were to receive as compensation whatever the land sold for above $6.50 per acre. It is alleged that plaintiffs "did find a purchaser" for the land at the price of $9 per acre, "who were ready and willing to pay, and offered to pay that price in cash" for the land, and that defendant was notified thereof, and plaintiffs requested him to execute a deed to the purchaser, which he refused to do, and sold the land to another.

Defendant in his answer admits that he authorized plaintiffs to sell the land, and the allegation of the petition as to plaintiffs' compensation. He also admits that he sold the land to another after he had received notice of the sale by plaintiffs.

The referee returned the following finding of facts:

"The undersigned, referee in the above entitled case, respectfully reports the following facts deduced from the evidence presented, viz:

"1st. The defendant, Reuben Griffith, did, in the month of March, 1882, place the north half of the northwest quarter of section 24–95–42 (of which he was owner) in the hands of plaintiffs for sale, at $6.50 per acre net to him, plaintiffs to have all they could get above that price.

"2d. That plaintiffs did not have the exclusive sale of said land, and they so understood it.

"3d. That defendant sold said land to a Mr. Gray, on the tenth day of April, 1882.

" 4th.   That defendant neglected to inform plaintiffs that he had sold the land, until the fourteenth day of April, 1882, and that plaintiffs and defendant lived and did business in the town of Sheldon.

" 5th.   That plaintiffs offered said land to Walbridge & More, of Cherokee, Iowa, by mail, on the tenth day of April, 1882, at $9 per acre.

" 6th.   That on the twelfth day of April, 1882, Walbridge & More accepted said offer by mail, which was received by plaintiffs on the thirteenth of April.

" 7th.   That on the thirteenth day of April, 1882, plaintiffs notified defendant that they had sold said land, and demanded him to make deed.

" 8th.   That, on the thirteenth day of April, defendant placed in mail, at Sheldon, a notice to plaintiffs that he withdrew his land from them; that said notice was not received by plaintiffs till noon of the fourteenth day of April, 1882.

" 9th.   That defendant placed said lands in hands of plaintiffs at $6.50 per acre net to him, sale to be on time, at 8 per cent interest."

The defendant excepted to the referee's report, upon the grounds that it fails to show that the referee found that the purchaser secured by plaintiff was able and ready to make the purchase, and possessed of the money to pay for the land, and that these facts were not established by the evidence; that the findings are not supported by the evidence in other specified particulars; and that plaintiffs are concluded by the answer of defendant, which they offered in evidence.

II.   It will be observed that the referee found that plaintiffs offered the land to a firm who accepted the offer, but did not find that the firm was ready, or possessed of the ability, or were in a condition, to purchase the land.   There was no evidence introduced at the trial upon these points.

1. CONTRACT to sell land: performance: facts not constituting.

We think that, in order to entitle plaintiffs to recover, something more than a mere offer to purchase should be

shown by them. Such an offer could be made by one without means, and who is in no condition to comply with the terms of the sale, and against whom a claim for damages, resulting from a failure to perform the contract of purchase, could not be enforced. An offer from such an one ought not to be considered as constituting the performance of plaintiffs' undertaking to negotiate the sale of the land. As the pecuniary responsibility of the purchasers was or ought to have been known to plaintiffs, and as upon it depended the performance of their contract with defendant, the burden rested upon them to show it. These conclusions are supported by *Coleman's Ex'rs v. Mead*, 13 Bush, 358, and *McGavock v. Woodlief*, 20 How., 221. *Contra*, see *Cook v. Kroemeke*, 4 Daly, 268, and *Hart v. Hoffman*, 44 How. Pr., 168.

III. Plaintiffs allege in their petition that the sale they negotiated was for cash, while the referee finds, upon undisputed evidence, that it was for one-third cash, and the balance at eight per centum per annum interest. This discrepancy between the *allegata* and *probata* is urged upon our attention as a ground for reversing the judgment of the district court. But it was not made in the court below by exceptions to the referee's report, or otherwise. It cannot be first urged in this court.

2. PRACTICE in supreme court: objection too late.

IV. The plaintiffs introduced the defendant's answer in evidence. It admits that plaintiffs were employed to sell the lands, the compensation to be paid them as alleged in the petition, and the sale of the lands by defendant. Other allegations of the petition are denied. Counsel urges that plaintiffs are bound by the denials of the answer. Regarding the whole answer as evidence, it was not conclusive, and plaintiffs could and did introduce evidence contradictory to the denials it contained. If the defendant's answer is to be regarded as his testimony given upon plaintiffs' motion—he being considered a witness for plaintiffs, they could contradict its statements by other evidence. A party is never precluded from giving other evi-

3. EVIDENCE : practice : contradicting one's own witness.

dence contradicting the statements of his own witness. The answer was to be weighed with other evidence, and, doubtless, this was done by the referee. The foregoing discussion dis-poses of all questions presented by counsel which need be' considered upon this appeal. The judgment of the district court, for the error in overruling defendant's exceptions to the report of the referee, is

REVERSED.