DAVID J. HAYDEN ET AL., Respondents, v. ANTONIO GRILLO, Appellant.

St. Louis Court of Appeals, May 17, 1887.

1. CONTRACTS—FACTOR AND BROKER—REAL ESTATE AGENTS—COMMISSIONS.—A real estate agent can not receive commissions for negotiating a sale except upon proof that he secured a purchaser who was ready and able to complete the purchase upon the terms offered by the principal.

2. ——— PLEADING.—A petition which fails to make such an allegation is defective.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

EDMOND A. B. GARESCHÉ, for the appellant: The court erred in overruling the defendant's motion to make the plaintiffs' petition more definite and certain, and in subsequently overruling the defendant's objection to the introduction of any evidence under the petition. *Iselin v. Griffith*, 62 Iowa, 670; *Coleman's Ex'r v. Mead*, 13 Ky. 363; *McGavock v. Woodlief*, 20 How. 221; *Kimberly v. Henderson*, 29 Md. 515; *Phelan v. Gardner*, 43 Cal. 311.

VOL. XXVI—19

FREDERICK A. WIND, for the respondents: A broker employed to make a sale under an agreement for a commission, is entitled to pay when he makes the sale according to instructions and in good faith, and the principal can not relieve himself from liability by a refusal to consummate the sale. *Bailey v. Chapman,* 41 Mo. 537; *Carpenter v. Reinders,* 52 Mo. 276; *Kock v. Emmerling,* 22 How. [63 U. S.] 69; *McGavock v. Woodlief,* 20 How. [61 U. S.] 221; *Hart v. Hoffmann,* 44 How. Pr. 168; *Hayne v. O'Connor,* 41 How. Pr. 287. In the absence of proof solvency is presumed. *Hart v. Hoffmann,* 44 How. Pr. 168; *Cook v. Kroernke,* 4 Daly, 268. Where the owner refuses to consummate a sale it is entirely immaterial that the proposed purchaser was not bound by a contract in writing, unless that was the ground of the refusal. *Kock v. Emmerling,* 22 How. [U. S.] 69; *Phelan v. Gardner,* 43 Cal. 311; *Bailey v. Chapman,* 41 Mo. 537. Nor can the owner defeat the broker's demand for commissions on the ground of insolvency of the proposed buyer, at least, unless he rejected the buyer for that reason. *Coleman's Ex'r v. Mead,* 13 Ky. 363.

THOMPSON, J., delivered the opinion of the court.

This is an action by a firm of real estate brokers for commissions, claimed to have been earned in making a sale of a piece of property belonging to the defendant, at his instance and request. The petition, after describing the parties, the ownership of the property, and the property itself, recites that, on a date named, "the said defendant employed the plaintiffs, said real estate brokers, to sell said property for him, for the sum of fifteen thousand dollars cash, and agreed with the said plaintiffs to pay them the customary commission of two and one-half per cent. on amount of sale; that two and one-half per cent. is the usual and customary commission in such cases; that, afterwards, to-wit, on the ——— day of ———, 1886, the said plaintiffs sold said property

for the said sum of fifteen thousand dollars, cash, and received one hundred dollars, cash, as earnest money to bind the bargain, for which sum the plaintiffs gave, as agents for the defendant, a receipt and contract in writing; that, thereupon, the plaintiffs went to the defendant and informed him of the sale, and requested him to execute a deed for the same, which the defendant refused to do, and, upon request then made on him, refused and failed to pay the plaintiffs their said commission, as agreed, and still doth refuse so to pay them. Wherefore the plaintiffs ask judgment," etc. The answer is a general denial.

At the trial the plaintiffs gave evidence tending to show that the defendant authorized one of the plaintiffs, by parol, to sell the property for fifteen thousand dollars, in cash, and that, subsequently to the offer, and before it was withdrawn, the plaintiffs procured a purchaser for the property, who paid to them, as the defendant's agents, one hundred dollars, as earnest money, and took their receipt therefor, specifying the purpose for which the money was paid; that one of the plaintiffs, thereupon, tendered this earnest money to the defendant and requested him to perform the contract of sale thus brought about by the plaintiffs, which the defendant declined to do, on the ground that he was not satisfied with the price of fifteen thousand dollars.

The defendant, on the contrary, gave evidence to the effect that he had never authorized the plaintiffs to procure him a purchaser for the property. He admitted, however, that one of the plaintiffs had come to him and stated that he had procured a purchaser, and had tendered him one hundred dollars earnest money, with a written receipt for his signature, which money he had declined to receive, on the ground that the property was *then* worth more than fifteen thousand dollars. The period of time which elapsed between the time when, according to the petition, the plaintiffs were authorized by the defendant to sell the property for him, and the

time when, according to the evidence, they tendered the one hundred dollars of earnest money to him and demanded the consummation of the sale, on his part, was about seven and a half months.

I. Before the trial the defendant moved the court to require the plaintiffs to make their petition more definite and certain, by disclosing (among other things) the name of the person to whom they had sold the property, as alleged. The court overruled this motion, and the defendant took an exception at the time. We take the view that the exception thus saved was afterwards lost by failing to renew it on the motion for a new trial.

II. But the question which the motion sought to reach arises on the motion in arrest of judgment, which challenges the petition as stating no cause of action. The ground of this exception is, that the petition fails to allege that the plaintiffs produced a purchaser for the property who was both *ready* and *able* to comply with the contract of purchase, which the defendant had authorized the plaintiffs to make for him. Upon this question the defendant's position, substantially, is, that the burden of proof is on the plaintiffs to show that they produced such a purchaser. On the contrary, the plaintiffs' position is, that, in the absence of evidence to the contrary, it is to be presumed that the person who agreed with the plaintiffs to purchase the property and who paid to the plaintiffs the one hundred dollars of earnest money was ready and able to perform his contract of purchase, or to respond in damages for failing so to do. They argue, moreover, that, as the defendant did not inquire of the plaintiffs, when the earnest money was tendered, who the purchaser was, or make any objection to the purchaser, but placed his refusal to comply with his agreement on the ground of the insufficiency of the price, merely, he is precluded from changing ground and setting up any other reason for his refusal to comply with his agreement.

The general rule, unquestionably, is, that, before a real estate broker can recover his commissions, he must show not merely that he produced one who offered to purchase the property on the terms agreed upon with his principal, but that he produced one who was both *ready* and *able* to purchase it upon such terms. Nothing short of this is a compliance with his undertaking. *McGavock v. Woodlief*, 20 How. (U. S.) 221, 227; *Coleman v. Meade,* 13 Bush, 358, 363; *Kimberly v. Henderson*, 29 Md. 512, 515; *Kenner v. Harrod*, 2 Md. 63; *Iselin v. Griffith*, 62 Ia. 668, 670. This doctrine is not impaired by *Kock v. Emerling* (22 How. [U. S.] 69), but is there recognized, as it is, also, in *Phelan v. Gardner* (43 Cal. 306, 311); *Nesbitt v. Helser* (49 Mo. 383, 385).

This being the nature of the broker's undertaking, in order to recover of his principal for a breach of the contract, he must, on the clearest grounds, allege and prove a compliance with the undertaking on his part. None of the cases above cited appear to touch the matter as a question of pleading. A majority of the court are of opinion that the general allegations of the petition, that the plaintiffs were employed to sell the property, and that they sold it, may, after verdict, be regarded as sufficient allegations of a compliance with the contract on their part, as defined in the above decisions. Judge Lewis, however, is of opinion that the petition, owing to this omission, states no cause of action. But, under whatever mode of alleging the performance of their contract, the burden of proof, unquestionably, is upon them to show its performance, and they do not show this, unless they show that the purchaser, whom they produced, was not only ready, but was, also, in a condition to perform the contract on his part, or to respond in damages for failing so to do. This was distinctly ruled by the supreme court of Iowa, in the case of *Iselin v. Griffith* (62 Ia. 668), and we find no authoritative decision to the contrary. In giving the opinion of the court in that case, Mr. Justice Beck used the following

language : "We think that, in order to entitle the plaintiffs to recover, something more than a mere offer to purchase should be shown by them. . Such an offer could be made by one without means, and who is in no condition to comply with the terms of the sale, and against whom a claim for damages, from a failure to perform the contract of purchase, could not be enforced.. An offer from such an one ought not to be considered as constituting performance of the plaintiffs' undertaking to negotiate a sale of the land. The pecuniary responsibility of the purchaser was, or ought to have been, known to the plaintiffs, and as upon it depended the performance of their contract with the defendant, the burden rested upon them to show it." *Iselin v. Griffith*, 62 Ia. 668, 670. In this case, as in the present one, the principal did not object, at the time, to the purchaser whom his broker had procured, but declined to comply with his agreement, because he had previously sold the property to another person.

While the other decisions above quoted do not distinctly rule upon the question in its relation to the burden of proof, the language in which they treat of it tends to support the conclusion of the Iowa court. The plaintiffs not only failed to disclose the name of the purchaser, whom they had procured, to the defendant, when they tendered the earnest money, but they did not disclose his name in their petition, and the court refused to require them to do so. The plaintiffs offered no evidence at the trial tending to show that the person, whom they had thus procured as a purchaser of the property, was able to comply with the terms of purchase, which involved the payment of fifteen thousand dollars in cash. As the defendant did not know the name of the alleged purchaser, until it was disclosed by the witnesses upon the trial, he did not have, it must be presumed, a fair opportunity to assume this burden, and show that he was not able to comply with his contract of purchase, even if the law had cast the burden upon him. In the

absence of proof that *such* a purchaser was produced, it must be held, that the plaintiffs did not make out such a case as entitled them to go to the jury, and that the court, upon the request of the defendant which was made, ought to have directed a verdict for the defendant.

The fact that the defendant refused to comply with his alleged agreement upon another ground, does not, we take it, do away with the necessity, on the part of the plaintiffs, of showing a performance of their undertaking on their part, in order to recover the price of their services. In one of the cases above cited ( *Kock v. Emmerling*, 22 How. [U. S.] 69), the following provision was cited from the civil code of Louisiana, in which state the action arose : "The condition [of an obligation] is considered fulfilled when the fulfillment of it has been prevented by the party bound to perform it." We do not doubt that this extract expresses, also, a rule of the common law. "A broker, employed to make a sale under an agreement for a commission, is entitled to pay when he makes the sale, according to instructions and in good faith, and the principal can not relieve himself from liability, by a refusal to consummate the sale, or by a voluntary act of his own, disabling himself from performance." *Bailey v. Chapman*, 41 Mo. 537. But, obviously, he does not "make the sale according to instructions," unless he produces a purchaser competent to comply with the terms of the sale, or to respond in damages. And such a person, when he claims under a contract in a case like the one at bar, is bound to show that the performance of the contract of sale, which he has made, was prevented by the defendant, and he clearly fails to show this, unless he shows that he has produced a contracting party capable of performing the contract. The production of an insolvent person, or of a person unable to comply with the terms of the contract of purchase, or to respond in damages for failing so to do, would be of no benefit to the land owner ; and

it is not perceived upon what principle the broker ought
to recover compensation for rendering a service which the
parties to the agreement could not have contemplated,
and which could have been of no benefit to his prin-
cipal.

IV.   We ought, perhaps, to say, as the question
may arise upon another trial, that, in our opinion, the
court committed no error in refusing the following
instruction, tendered by the defendant:

"The court instructs the jury that, before the plain-
tiffs are entitled to recover in this case, you must believe,
from the evidence, that the defendant employed them
to procure a purchaser for his property, on Sixteenth
and Olive streets, in the city of St. Louis, and that,
acting solely and only as his agents in the transaction,
the plaintiffs did procure a purchaser who was able
and willing to pay the fifteen thousand dollars, asked
by the defendant, and that they thereafter actually con-
summated the sale with said purchaser, and tendered the
defendant earnest money thereon."

This instruction was erroneous in point of law.  It
is not the law that, in order to entitle a broker to recover
for his services, he can not act as the agent of both  per-
sons, but must be a sole, or exclusive, agent of the person
of whom he seeks so to recover.  He is, for many pur-
poses, the agent of both the buyer and seller, between
whom he stands as a mere negotiator.   Bouv. Law Dict.
2 ; *Third National Bank v. Snyder*, 10 Mo. App. 216.
Whether the plaintiffs could, under such a contract as
that disclosed in their evidence, recover compensation
from both the buyer and the seller, need not be consid-
ered.   It is sufficient to say that there was no evidence
tending to show that they had attempted to do so, nor
any evidence on which to predicate the above instruc-
tion, except evidence to the effect that the plaintiffs had,
for several years, acted as the agents of the purchaser
whom they procured for this property, in collecting his
rents.   The idea that this debarred them from acting as

the defendant's agents, in a negotiation with such pur-chaser, in effecting a sale of land for him, is quite unten-able. Besides, it is not the law that the broker should have "actually consummated the sale," where he is pre-vented from doing so by his principal.

The judgment is reversed and the cause remanded. All the judges concur.