A. W. RESSLER, Appellee, v. JOHN BAXLEY, Administrator, Appellant.

Appeal: ERROR WITHOUT PREJUDICE : EVIDENCE.

*Appeal from Grundy District Court.*—HON. C. F. COUCH, Judge.

WEDNESDAY, OCTOBER 22, 1890.

THIS is a proceeding in the district court, sitting as a court of probate, for the allowance of a claim against defendant's intestate. The case was tried to a jury, and judgment on the verdict was rendered for plaintiff. The defendant appeals.

*Boies, Husted & Boies,* for appellant.

*Rea & Hayes,* for appellee.

BECK, J.—I. The claim against the estate of defendant's intestate, involved in this case, we set out in full, for the reason that questions arise in the case upon certain of its allegations. It is in the following language :

"Estate of Susan Baxley, in account with Mrs. H. L. Snyder, Dr.

"To board, washing, care and attendance, from March 1, 1882, to November 1, 1886, four years and eight months, at ten dollars per month....................................................... $560

"To nursing, board and care in last sickness, from November 1, 1886, to February 11, 1887, 103 days, at one dollar per day..... 103

"To help of husband in last sickness, from January 11 to February 11, 1887, 30 days, at one dollar per day................... 30
                                                                                    ————
"Total.......................................................... $693.

"STATE OF IOWA, }
"Grundy County } ss.

"I, H. L. Snyder, being first duly sworn, on oath say I am the claimant named in the foregoing statement; that Susan Baxley therein named was, at her death, justly indebted to this claimant in the sum of five hundred and sixty dollars, for board, washing, care and attendance furnished her by this claimant, at her instance and request, and on her special promise to pay claimant therefor, from March 1. 1882, to November 1, 1886, which board, care, etc., was of the rea. onable and just value of ten dollars per month; that she was further indebted to this claimant for nursing, care and attendance during her last sickness, furnished at her instance and request, one hundred and three days, to-wit, from the first day of November, 1886, to the eleventh day of February, 1887, which nursing, care and attendance were of the reasonable and just value of one dollar per day, or of the aggregate value of one hundred and three dollars; that she was further indebted to this claimant for the services of the husband of her, the said claimant, furnished at the request of said deceased, in the sum of thirty dollars, for his services from January 11, 1887, to February 11, of the same year, at one dollar per day; that no part of said claim has been paid or in any manner satisfied; and that the whole amount thereof is still justly due and owing this claimant. Verified October 26, 1887, by

"H. L. SNYDER.'

An amendment to this petition need not be set out. The answer denies the allegations of the petition, and alleges that the intestate, during the time for which services were charged in plaintiff's claim, was a member of her family. The claim, after its verification, and before it was filed, was assigned to plaintiff.

The court, in the statement of the issues to the jury, and in other instructions, stated plaintiff's claim as being based upon a special promise of the intestate to pay the sum claimed upon the several items. There is no evidence of a special promise to pay the second and third items. Defendant claims that there is a variance between the allegations of the petition and the proof, and that he suffered prejudice from the erroneous direction as to the special promise on the second and third items.

No objection was raised in the court below, based upon the alleged variance. Such objection cannot be first raised in this court. *Iselin v. Griffith,* 62 Iowa, 668; *Singer v. Given,* 61 Iowa, 84; *Lines v. Lines,* 54

Iowa, 600. No possible prejudice could have resulted to defendant in the erroneous statement by the court that the second and third items were based upon a special promise. If it had any effect at all it would lead the jury to look for evidence of a special promise to authorize a finding for plaintiff upon the second and third items. Prejudice would result to plaintiff, and not to defendant. The verdict for plaintiff is in a sum less than the amount claimed in the first item, which is based upon a special promise. The evidence tends to support such promise, and justified the finding of the verdict upon that item alone. We shall presume that the verdict was based upon this item. This is a sufficient answer to more than one of defendant's positions.

II. It is insisted that there is no evidence in the case as to the value of services mentioned in item 3. Let this be admitted for the purpose of the case. As we have seen, the first item alone supports the verdict. We will presume the jury found nothing due plaintiff on the third item.

III. Complaint is made that the jury were not directed to consider the value of services rendered by the intestate to plaintiff. It is sufficient to say that such services are not pleaded as payment or as counterclaim.

IV. The defendant's counsel argue at great length that the evidence fails to support the verdict by showing that there was a special promise, and that services were rendered thereunder. We think differently. At all events, it can be regarded as nothing more than a case of a conflict of evidence, which it was the peculiar province of the jury to solve. The case presents no ground for interference on our part.

V. Defendant, a son of intestate, offered to prove that, after her death, he and his aunt took from her residence, as their property, certain household furniture, used in intestate's family. The evidence was rightly rejected as immaterial. Whether the furniture was or was not the property of the witness and his aunt, or whether they had or had not the right to remove it, the act proposed to be proved had no possible relevance to the issue in the case. These considerations dispose of all questions in the case. AFFIRMED.