AETNA IRON WORKS v. FIRMENICH MANUFACTURING
COMPANY, Appellant.

Abatement: Other Action Pending. An action to enforce a lien
in which there is dispute as to how much defendant has paid is not
abated by the pendency of another action, as to which defendant
simply avers that, if it be determined therein that a certain two-
thousand dollars was applied as a payment, the payments would
aggregate seven thousand, five hundred dollars. Such plea merely
sets up a fact to be considered in determining how much has been
paid.

Variance: Objection too Late. It can not be urged here for the
first time, that nothing but an issue not made by the pleadings was
tried and determined.

*Appeal from Marshall District Court.*—HON. S. M.
WEAVER, Judge.

TUESDAY, FEBRUARY 6, 1894.

ACTION in equity to foreclose a mechanic's lien.
From a judgment for plaintiff, defendant appeals.—
*Affirmed.*

*J. L. Carney* for appellant.

*Binford & Snelling* for appellee.

KINNE, J.—I.  Plaintiff claimed twelve thousand,
one hundred and thirty-eight dollars and interest as a
balance due it on account for work done and materials
furnished under certain contracts, and for extra work
on the glucose factory of defendant at Marshalltown,
Iowa.  The answer denied that the material was fur-
nished, or labor performed, in accordance with the con-
tract, and denied any indebtedness to plaintiff.  In a
second division a number of affirmative defenses are
pleaded, consisting of failure to perform the contract,

and damages arising therefrom; that much of the material was never furnished; that smaller and lighter beams were used than were contracted for; that the work was improperly performed; that, by reason of plaintiff's negligence, two tanks fell, causing loss and damage; that plaintiff so delayed the work as to cause inconvenience and loss to defendant, and, in consequence, defendant, on October 10, 1889, ordered plaintiff to cease work on the building. A counterclaim was also filed by defendant, consisting of numerous items, and amounting in the aggregate, to over thirty-one thousand dollars. To this, plaintiff filed a reply, which denies most of the claims made in the counterclaim, charges that the work was done in accordance with defendant's consent and approval, and avers that the work would have been fully completed had not defendant prevented. The cause was tried as an equity case to the court, and a judgment rendered for plaintiff for six thousand, seven hundred and twenty-seven dollars and ninety-eight cents, and a decree entered foreclosing the lien.

II. Many questions are raised and discussed by counsel. It is impossible for us to treat of all of them in detail. We shall only refer to those matters which appear to be of controlling importance in determining the rights of the parties. It is said that defendant has pleaded and proven that another action was pending in Chicago, Illinois, at the time of the trial of this cause below, between the same parties and in relation to the same subject-matter. While counsel for defendant argue that this action should be abated because of the pendency of the other action, we do not understand that, in its answer, the facts touching said action are pleaded or relied upon as an abatement at all. The division of the answer in which the facts now relied upon are pleaded is devoted entirely to setting forth the payments which have been made by defend-

ant company; and, to show these, certain facts are set out touching the pendency of an action in Chicago, wherein it is alleged that there was a controversy, among other things, as to whether a certain two thousand dollars had been applied by the parties as a payment upon the contract sued upon herein; and it is further averred "that, should the court in said cause determine that the two thousand dollars has been applied in payment, then the whole amount so paid would be the sum of seven thousand, five hundred dollars." As we have said, the thought of the pleader seems to have been, not to plead facts showing another action pending as a ground for abating this action, but rather facts which should be taken into consideration in determining how much has been paid upon the contract sued upon. We do not think the pending of that suit is a bar to the prosecution of this one.

III. Counsel for appellant claims that inasmuch as plaintiff sued upon a contract, alleging its performance, and as it appears that the contract was not fully performed, and there is no *quantum meruit* count, plaintiff can not recover. The trial was had in the district court upon the petition, answer, and counterclaim and reply, and upon the theory that defendant had prevented plaintiff from completing its contract; that plaintiff was entitled to recover the contract price, less what it would have cost to have completed the contract after the work was stopped by the defendant, and less what defendant was entitled to under its counterclaim. Now, the evidence below was introduced, without objection, to sustain these several claims of the parties, and largely touching the question as to the cost of completing the repairs according to the contract after defendant stopped the work, and as to the amount of defendant's damages. As we have said, no objection was made below to the introduction of evidence to establish plaintiff's claim under the

issues as they stood. It is now too late to claim that there is a variance between plaintiff's pleadings and the proofs. *Singer v. Given*, 61 Iowa, 95, 15 N. W. Rep. 858; *Ressler v. Baxley*, 81 Iowa, 751, 47 N. W. Rep. 57; *Lines v. Lines*, 54 Iowa, 602, 7 N. W. Rep. 87; *Iselin v. Griffith*, 62 Iowa, 668, 18 N. W. 302. Having tried the case below on the theory above stated without objection, it would be manifestly unfair to permit appellant's objection to prevail in this court, when, if made in the court below, appellee might have cured the defect in its pleadings, if any, by amendment.

IV. The testimony in this case is, as to many matters, conflicting, and it is difficult, as to some points of difference between the parties, to reach a conclusion which is entirely satisfactory. There are, however, certain important facts which, after a careful review of all the testimony, we find to be established by the evidence. They are as follows: *First*, That, aside from the exception hereafter stated, defendants knew of the modification and changes in the original contract, and, under all the circumstances, must be held to have authorized them, or to have assented thereto; *second*, that the defendants were, by reason of changes in the contract, made with their consent, and at their instance, chiefly responsible for the stoppage of the work; *third*, that much of the delay in the work was due to changes made by defendants in the work; *fourth*, that plaintiff was in no wise responsible for the fall of the tanks; *fifth*, that plaintiff did not furnish girders of the weight required by the contract; *sixth*, that defendant's foreman, Smith, acted for defendant in looking after the work and in making the changes; *seventh*, that, according to the contract, defendant was to furnish only common labor to assist in the work, and that it did furnish some labor in addition thereto; *eighth*, that plaintiff is entitled to a portion of its claim

for articles furnished outside of the contract. As to many items of damage claimed by defendant it may be said that, even if articles in fact furnished were not such as the contract required, it is reasonably clear that defendant accepted them, and found no fault with them until about the time the plaintiff began this suit; that in some cases it paid the contract price with full knowledge of defects not complained of, and without suggesting that the material furnished, and work done, were not in accordance with the contract. The failure to complete other work was due to defendant's act in stopping the work. Some seventeen hundred dollars is claimed by reason of damages caused by the falling of the tanks. As we have said, we think this was no fault of plaintiff. Defendant had stopped the work some days before this, and we do not think the fall was caused by the failure of plaintiff to do the work properly. Some eighteen hundred dollars is charged by defendant to plaintiff for men furnished at one dollar and twenty-five cents per day. We think this was the kind of labor which defendant was to furnish under the contract, and it appears from the evidence that defendant so treated it until long after the labor was so furnished. There is also an item of ten thousand dollars charged to plaintiff for loss of time and expenses, and damage by stopping factory, loss of goods, etc. Most of this damage is claimed for the month of September, during which time the factory did not run. Under the evidence it is a disputed question as to whether the factory was not shut down during the month of September by agreement. We incline to think such was the case. We can not consider in detail all the items of damages claimed. We have made an accounting between the parties, having in mind the conclusion reached, heretofore stated, and, in our judgment, the amount found due the plaintiff by the district court was substantially correct. We have given the somewhat voluminous

record and the arguments a careful examination, but the reasonable limits of this opinion preclude us from entering more into detail in discussing the matters in controversy between the parties. As the questions presented relate mostly to facts, and not to the law, it would serve no useful purpose to more fully treat of them. Our conclusion is that the judgment below should be AFFIRMED.