RICE–DWYER REAL ESTATE COMPANY, Respondent, v. J. RUHLMAN, Appellant.

St. Louis Court of Appeals, January 19, 1897.

1. Real Estate Agents, Contract of, For Sale, Authorized by Owner: COMPLETE SALE: LIABILITY OF OWNER FOR PREVENTION OF SALE. In a suit on account by real estate agents for services rendered defendant in the sale of certain lots of ground, where there was sufficient evidence in the record to show that a complete sale of the property was only prevented by the wrongful refusal of defendant to comply with the terms of a contract which he had authorized them to make in his behalf, plaintiffs were entitled to a recovery as for a complete sale.

2. ———: ———: AUTHORITY OF AGENTS TO ACT FOR OWNER: AUTHOR-
ITY TO ACT AS REAL ESTATE AGENTS. To bind the purchaser to the
performance of such contract it was not necessary that plaintiffs
should have written authority to act as defendant's agents. Nor
was it necessary that they should show written authority to act as
real estate agents, to entitle them to a recovery for services rendered
defendant in finding a purchaser, ready, willing, and able to take
his property at the price for which they were authorized to sell it.

*Appeal from the St. Louis City Circuit Court.*—Hon.
JACOB KLEIN, Judge.

AFFIRMED; Judge BIGGS concurring, Judge BLAND
not sitting.

*B. R. Brewer* for appellant.

Plaintiff having alleged a sale, and asked commis-
sion, that being a material averment, he must either
prove it or fail in the suit. There can be no recovery
where there is a failure of proof of a material averment.
*Bramley v. Golden*, 27 Mo. App. 160; *Groll v. Tower*,
85 Mo. 249. See, also, *Clements v. Yeates*, 69 Mo. 623;
*Nutter v. Houston*, 32 Mo. App. 451.

Plaintiff can not recover on the statement made
and filed as his cause of action. *Clements v. Yeates*,
69 Mo. 623; *Groll v. Tower*, 85 *Id.* 249. See, also,
*Ensworth v. Barton*, 60 Mo. 514.

Plaintiff can not sue on one cause of action and
recover on another in justice's court. R. S. 1889, sec.
6138; *Waldhler v. R. R.*, 71 Mo. 514; 14 Mo. App.
429; *Weese v. Brown*, 28 *Id.* 521; Kelley on Justices
[Ed. 1890], sec. 65, and cases cited *supra*.

Plaintiff can not recover on a cause of action not
stated in his petition. *Bird v. R. R.*, 30 Mo. App.
365. See, also, *Bank v. Payne*, 31 Mo. App. 512;
*Leslie v. R'y*, 67 Mo. 54; *Scott v. Roberts*, 88 Mo.
289.

The judgment for respondents can not stand, not being upheld by law nor sustained by evidence. *Rutledge v. R'y Co.*, 110 Mo. 312.

No brief filed for respondent.

BOND, J.—This action is upon an account for services rendered in the sale of parts of certain lots of ground situated in this city for the price of $2,650, at a commission of two and one half per cent or $66.25. There was a judgment in favor of plaintiffs before the justice, and also upon defendant's appeal in the circuit court, from which the case is brought here by defendant. The brief filed by appellant wholly fails to comply with rule 15 of this court, in that it does not contain any statement of the facts shown by the record, and we would be warranted in dismissing the appeal for that reason. An examination of the record in this case discloses that the plaintiffs are copartners engaged in the business of real estate agents; that some time in August, 1895, the defendant called on a member of their firm and informed him that he wished to put in their charge, for sale, a certain piece of property in this city, which they would be authorized to sell at the price of $2,600, upon a commission of two and one half per cent. The evidence further tends to show that plaintiffs thereafter procured a purchaser, who was able and willing to take the premises at the price fixed, whereupon defendant insisted that his wife would not sign the papers for less than $2,700 after which the plaintiffs, upon the instruction of defendant to split the difference, procured a contract in writing obligating such purchaser to take the property at the price of $2,650 cash. Four days after the execution of this contract plaintiffs received the following note from defendant:

"St. Louis, Aug. 6.

"Dear Sir:—My wife will not sell at that price, but I will make it all right with you.

"J. Ruhlman,

"4510 Easton avenue."

There was other evidence tending to show that the purchaser in question agreed to pay $2,700 for the property, which was also declined by defendant, who claimed that while he had agreed to accept $2,700 as the difference between the price which he testified, to wit, $2,800, that he gave plaintiffs for the sale of the property and $2,600 which plaintiffs had been offered for it, yet before the acceptance of his proposition to split the difference he had sold the property in question to another party, and hence declined such offer. There was no evidence in the record that defendant ever gave plaintiffs any written authority to act as his agents in the sale of the property in question.

Appellant makes two points in his argument. *First*, that plaintiff's cause of action was for an alleged *sale* of the property in question, and hence there could be no recovery for services not culmina-

REAL estate agents, contract of, authorized by owner: complete sale: liability of owner.

ting in a transfer of title. There is no merit in this contention. There is ample evidence in the record tending to show that a complete sale of the property, through the services of plaintiffs, was only prevented by the wrongful refusal of defendant to comply with the terms of a contract which he had authorized the plaintiffs to make in his behalf. The written agreement on the part of the purchaser, which was secured by the efforts of the plaintiffs, might have been enforced by defendant, and his failure to do so, under the circumstances in this record, entitles the plaintiffs to recover as for a complete sale.

The next point made by defendant is that plaintiffs had no written authority to act as his agents. This

AUTHORITY of agents to act for owner: authority to act as real estate agent.

would have been indispensable to bind defendant by the contract made for him by his agent, but it was not necessary to bind the purchaser to the performance of the contract, which the evidence shows was signed by her (Mrs. Freak); nor was it necessary that plaintiffs should show a written authority to act as real estate agents, in order to entitle them to recover for services rendered in finding a purchaser ready, able, and willing to take defendant's property at the price given them for its sale.

This cause was submitted to the court without a jury who made a finding in favor of plaintiffs upon a conflict in the evidence as to the facts, and whose declarations of law were in accordance with the views expressed herein. The judgment will, therefore, be affirmed. Judge BIGGS concurs; Judge BLAND not sitting.