GRAN GOODSON, Respondent, v. WILLIAM M. EMBLETON, Appellant.

Kansas City Court of Appeals, April 4, 1904.

1. **REAL ESTATE BROKER: Commission to Sell: Written Contract.** A real estate broker is entitled to his commissions where he makes a sale according to instructions and in good faith and his principal can not relieve himself from liability by refusal to consummate the sale or by disabling himself from performance; and the fact that there is no written contract will not defeat the broker's recovery.

2. ――――: ――――: **Pleading: Variance.** Where a complete sale of the property was only prevented by the wrongful refusal of the principal the law regards the sale as having been made on the part of the agent.

3. ———: **Purchaser: Deed to Another.** A real estate broker informed his principal that H. was the purchaser but tendered him a deed to W; *held*, this constituted no ground for refusal to consummate a sale where it was explained that the agent wished the title to go in this way in order that H. might secure the money to make the purchase.

4. ———: **Contract: Instruction: Honest Error.** An instruction that if a jury believed the real estate broker complied with his contract submits a question of law and was therefore error; but in this case harmless, since the verdict was for the right party.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Matthews & Son* and *Guthrie & Franklin* for appellant.

(1) The court should have given defendant's instruction at the conclusion of plaintiff's evidence. Crosgrove v. Realty Co., 175 Mo. 100; Cole v. Armour, 154 Mo. 333; Clements v. Yeates, 69 Mo. 623; Huston v. Tyler, 140 Mo. 252; Missouri Code Pleadings (Pattison), ch. 9, sec. 182; Higgins v. Hearne, 74 Mo. App. 86; Burns v. Freling, 98 Mo. App. 267; Hayden v. Grillo, 26 Mo. App. 289; Zeidler v. Walker, 41 Mo. App. 118. (2) There is a fatal variance between plaintiff's petition and proof. Plaintiff can only recover if at all on the case as pleaded. He can not in his petition allege a sale, and recover because the sale failed of consummation for any reason. Crosgrove v. Realty Co., 175 Mo. 100; Cole v. Armour, 154 Mo. 333; Clements v. Yeates, 69 Mo. 623; Huston v. Tyler, 140 Mo. 252; Missouri Code Pleadings (Pattison), ch. 9, sec. 182. (3) Defendant was under no obligation to execute a deed to Walter C. Goodson and his refusal to do so can not be construed as a failure to comply with his contract so as to authorize plaintiff to recover. (4) There was no agreement on the part

of Embleton and Goodson, or Embleton and Evans as to the note of Goodson for the deferred payment. The minds of the parties did not meet on any terms as to this payment. Drake v. Biddinger, 66 N. E. 56. (5) An agent can not represent different parties, having conflicting interests. He can not represent both seller and purchaser. All such transactions are void, whether damage results thereupon or not. Euneau v. Rieger, 105 Mo. 659; Mechem on Agency, secs. 454, 455; Rosenthal v. Drake, 82 Mo. App. 358; Exter v. Sawyer, 146 Mo. 302; Hughes v. Washington, 72 Ill. 85; Cotton v. Holiday, 59 Ill. 176.

*Bert D. Nortoni, Walter C. Goodson* and *Dysart & Mitchell* for respondent.

(1) It is well settled that when the agent finds and produces a purchaser both able and willing to perform the contract, that the agent has earned and can recover his commission. This is true, whether the owner of the land is unwilling or unable to consummate the contract. Hayden v. Grillo, 42 Mo. App. 1; Stinde v. Blesch, 42 Mo. App. 578; Finch v. Trust Co., 92 Mo. App. 263; Hayden v. Grillo, 35 Mo. App. 647; Huggins v. Hearne, 74 Mo. App. 86; Nesbit v. Helser, 49 Mo. 383; Finley v. Dyer, 79 Mo. App. 604; Gelatt v. Ridge, 117 Mo. 553; Corder v. O'Neill, 176 Mo. 401. (2) The appellant's point to the effect that the case should have been taken from the jury at the conclusion of the plaintiff's evidence, is without merit. A demurrer to the evidence can only be sustained where there is no evidence tending to support the allegations of the petition. Authorities cited by appellant under this point are not applicable. Locke v. Griswold, 96 Mo. App. 527. (3) The appellant objects that there is a fatal variance between the allegations of the petition and the proof, in that the petition alleges a sale, and no sale was consummated. There was a sale in contemplation of law by the

agent to Hector Evans. Real Estate Co. v. Ruhlman, 68 Mo. App. 503; Wright & Orrison v. Brown, 68 Mo. App. 577; Rumboly v. Bennett, 86 Mo. App. 174; Stinde v. Belsch, 42 Mo. App. 578; Hart v. Hopson, 52 Mo. App. 177; Veach v. Norman, 95 Mo. App. 500. (4) The objection raised that the evidence tended to show a double agency, and that the sale from the agent to the purchaser was therefore void. Reese v. Garth, 36 Mo. App. 641; Hayden v. Grillo, 26 Mo. App. 289; Realty Co. v. Neely, 99 Mo. App. 384; Gibson & Bro. v. Jenkins, 97 Mo. App. 27; Carr v. Udsell, 97 Mo. 326.

BROADDUS, J.—The plaintiff's suit is founded upon the following written contract (omitting description of the property):

"New Cambria, Mo., July 12, 1902.

"I hereby constitute and appoint Gran Goodson agent to negotiate sale of the property hereinafter described, at the price and terms herein stated, or on such other price and terms as may be accepted giving him sole and only authority to make such sale for the period of up to August 1, 1902, from the date hereof. And in consideration of his services as such agent on the completion of the sale, I hereby agree to pay him, his heirs or assigns, whatever amount the same sells for over and above the price named, twenty dollars per acre, for which said property may be sold. Said Gran Goodson to make examination of title and draw necessary conveyances without extra charge, but in case of defects in title preventing sale, I hereby agree to pay said Gran Goodson the usual charges for such examination. . . . The sum of five hundred dollars to be paid cash if sold before possession is given, and I will allow purchaser six per cent interest on said payment until March 1, 1903, or when possession is given, and balance of money to be paid March 1, 1903, when I agree to give posses-

sion if sale is made at the sum and price of twenty dollars per acre.

(Signed.)                "W. M. EMBLETON."

The petition alleges that the plaintiff performed the contract on his part and sold the land on the thirty-first day of July, 1902, to one Hector Evans who was able and willing to purchase at and for the price of twenty-five dollars per acre, and he asks judgment for his commission. The answer was a general denial. The facts were as follows:

Soon after the contract was executed and delivered plaintiff went to work to find a purchaser for the said land. The plaintiff found a purchaser, one Hector Evans, and offered the land at twenty-five dollars per acre, Evans telling plaintiff he thought he would take the land at that price but that he first wished to see it. Plaintiff thereupon, on the twenty-eighth of July, 1902, took Evans out to view the farm, meeting the defendant there, and at which time plaintiff told defendant he thought he had sold the land to Evans and had come out with him to look at it. Plaintiff, defendant and Evans then went over the farm and defendant showed Evans the lines and corners, after which they returned to defendant's house, Evans in the meantime having informed plaintiff that he would take the land and close the deal at twenty-five dollars per acre. Plaintiff informed defendant of this fact and that he was prepared to make the first payment of $500, at the same time beginning to write a check on the New Cambria bank. At this stage of the proceedings, however, defendant held a consultation with his wife after which he informed plaintiff that he would not accept the check that day but that in a short time he and his wife would "come down to New Cambria and close the matter up." Plaintiff then told defendant that it was important that the deal be closed at once and requested the presence of himself and wife in New Cambria on the following day,

Tuesday, July 29, 1902. Defendant would not agree to this arrangement but promised that he and his wife would be at New Cambria on Wednesday, July 30. This engagement, however, defendant failed to meet. Plaintiff and Evans had waited in New Cambria all day Wednesday for defendant and his wife, and on the following day, July 31, plaintiff prepared a deed for defendant's farm, secured the services of a notary public and with him drove to defendant's home to have the deed executed and acknowledged. At the time of tendering the deed to defendant the plaintiff also tendered five hundred dollars in gold coin as first payment on the contract made to Evans and also his personal note for the balance of the purchase money, said note being due and payable March 1, 1903, at the New Cambria bank, and which was proved to be good. The defendant refused to consummate the sale, giving as an excuse for his action that his wife would not consent to make a deed.

The defendant contends that the court, under the proof, erred in not sustaining a demurrer to plaintiff's case, upon the theory that plaintiff was not entitled to recover because the negotiations for the sale of the land were not fully consummated in writing between the defendant and the purchaser. Many authorities are cited on this question but we do not think they are relevant; and the point is not well made. "It is an established principle that a broker employed to make a sale under an agreement for a commission is entitled to pay when he makes a sale according to instructions and in good faith; and the principal can not relieve himself from liability by a refusal to consummate the sale or by a voluntary act of his own disabling him from performance." Nesbit v. Helser, 49 Mo. 383. But see also Finch v. Guardian Trust Co., 92 Mo. App. 263, where the authorities on this were reversed.

It is also contended that there was a fatal variance between plaintiff's petition and proof in that his petition alleged a sale whereas the proof was that the sale

was not consummated. This question was before the St. Louis Court of Appeals in Real Estate Co. v. Ruhlman, 68 Mo. App. 503, where it was held: ''In a suit on account by real estate agents for services rendered defendant in the sale of certain lots of ground, where there was sufficient evidence in the record that a complete sale of the property was only prevented by the wrongful refusal of defendant to comply with the terms of a contract which he had' authorized them to make in his behalf, 'plaintiffs were entitled to recover.'' The law in such cases regards a sale as having been made upon the part of the agent.

The defendant further urges as a ground for reversal that the defendant was under no obligation to execute a deed to Walter C. Goodson as he was not the person whom plaintiff had' informed him was the purchaser of the land. But the evidence showed that the reason the deed was tendered defendant to execute to Walter Goodson was that it would enable plaintiff with safety to advance the money to Evans, the purchaser, the said' Walter Goodson being used as a ·medium for that purpose; which in our opinion, in no way affected plaintiff's contract or the rights of the defendant. And because plaintiff was furnishing Evans the money with which to buy the land. did not make him the agent of Evans and in so doing he in no way conflicted with defendant's rights.

The following instruction given at the instance of plaintiff is criticised as being improper, viz.: ''. . . Now, if you believe and find from the evidence that plaintiff complied with his contract and sold the defendant's land to one Hector Evans,'' etc. The objection is that the instruction leaves it to the jury to d'etermine questions of law, viz.: What constituted a compliance with the contract and what a sale? The objection is well founded for it was, strictly speaking, the duty of the court to tell the jury what in law would be a compliance with the contract and what constituted a sale.

But as the evidence is practically uncontradicted that the plaintiff did comply with his contract and make the sale, and, further, as the judgment, in our opinion, was for the right party, we are not permitted under the statute to reverse the cause on account of the error noted.

Other questions are raised but they are not of sufficient importance for comment. Cause affirmed. All concur.