CHARLES F. ENRIGHT, Appellant, v. J. M. FORD, Respondent.

Kansas City Court of Appeals, April 4, 1904.

BROKER: Commissions: Pleading: Instruction. A petition averred that defendant employed plaintiff as a broker to sell a given number of shares of stock. The instruction said if the plaintiff owned one or more shares and guaranteed that other owners would add enough to his to make the given number, etc., then the verdict should be for the plaintiff. *Held,* the instruction was error and imposed a greater burden upon the broker than was required by the pleading, since if the defendant employed the broker to sell the given number of shares of stock and he procured a purchaser able and ready to pay therefor he had earned his commissions.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED AND REMANDED.

*R. A. Brown* and *Henry M. Ramey, Jr.,* for plaintiff.

(1) The court committed error in giving to the jury the instruction of its own motion. Clearly, defendant Ford contracted to sell, and there was nothing upon which to predicate an instruction that he guaranteed to plaintiff that other stockholders would authorize plaintiff to sell certain stocks. Instructions not predicated upon evidence are misleading, prejudicial and erroneous, and the giving of same constitutes reversible error. Day v. Railway, 81 Mo. App. 471; Tracy v. Stock Yards Co.; 87 Mo. App. 608; State v. North-

way, 164 Mo. 513; McAfee v. Valandingham, 75 Mo. App. 45; Chem. Co. v. Lackawanna Line, 70 Mo. App. 274; Wassen v. McCook, 70 Mo. App. 393; Stone v. Hunt, 114 Mo. 66; Mammerberg v. Railway, 62 Mo. App. 563; O'Brien v. Loomis, 43 Mo. App. 29; Mateer v. Railway, 105 Mo. 320; Evans v. Transit Co., 106 Mo. 594; Hewitt v. Steele, 118 Mo. 463.

*Culver, Phillip & Spencer* for respondent.

(1)   While it is true that an instruction not based on any evidence is erroneous, it is equally true that an appellant can not complain of error in his favor. So that even if it be conceded that there was no evidence on which to predicate the instruction complained of, still plaintiff is in no position to complain that the instruction is, for that reason, erroneous, since it predicated a verdict in his favor. In such circumstances, the giving of the instruction would constitute prejudicial error only on the appeal of the party against whom the verdict was directed. State v. Brown, 145 Mo. 682.

BROADDUS, J.—The plaintiff sues to recover a commission for the alleged sale of 1,251 shares of the capital stock of the First National Bank of Buchanan county, Missouri, upon an alleged agreement between himself and defendants for which he was to receive one dollar per share.

There was evidence to the effect that in 1902 defendants owned certain shares of the capital stock of the bank aforesaid, at which time defendant Ford agreed with plaintiff if he could find a purchaser for 1,251 shares or majority of said bank stock he would allow him his usual commission for such sale which said Ford knew was one dollar per share. At the time of this alleged agreement Ford only owned 459 shares; but Ford and McAlister together did own 1,251 shares of the bank stock. There was no evidence that the latter authorized

Ford to contract for the sale of his said stock. Soon thereafter plaintiff called upon Milton Tootle, of the St. Joseph banking house of Tootle, Lemon & Co., and solicited him to buy 1,251 shares or a majority of the capital stock of said First National Bank of Buchanan county; but before they reached any definite agreement Mr. Tootle left St. Joseph, remaining away several weeks or until the latter part of September, when plaintiff opened up negotiations with him for the purchase of said stock. Later, Ford also went to Tootle's place of business where the latter agreed to buy and Ford to sell 1,600 shares of the said stock. But this agreement was never carried out, defendant Ford refusing to deliver the stock on the alleged ground that the bank directors were opposed to the sale.

During the trial below Mr. Tootle testified, that he wanted 1,600 shares of said stock because that much would be two-thirds of the bank's entire capital and he would thereby get complete control of the said bank which would have enabled him to have liquidated its affairs. He stated, however, that he would have been willing to have taken the 1,251 shares. He also testified that when his agreement was made with Ford that the latter should transfer him 1,600 shares of stock it was also agreed that he was to be furnished with a list of bills receivable and payable and that Ford was to prepare the papers evidencing the transaction of the sale. Witness Tootle further stated that Ford had telephoned him in reference to the matter at which time he (Tootle) asked him over the telephone: "How soon do you think you can get up those papers?" to which Ford replied: "It will be towards the latter part of the week," whereupon witness had asked: "Mr. Ford, will you want a supplementary written agreement with reference to that matter?" to which Ford answered: "No, so far as we are concerned we won't require it." Tootle then replied to this, "We would not ask for it then."

The stock in question here was afterwards sold to

another party at $130 per share without the intervention of a broker.

Upon the trial the case was dismissed as to defendant McAlister. The verdict of the jury was for the defendant Ford.

The appellant's sole complaint is· that the court committed error in giving on its own motion the following instruction:

"The court instructs the jury that if they believe from the evidence that at any time during the summer of 1902 the defendant was the owner of one or more shares of the capital stock of the First National Bank of Buchanan county, Missouri, and that other parties owned the balance of said capital stock, and that he disclosed those facts to the plaintiff, and that he empowered plaintiff to sell for him his said shares of stock and guaranteed to plaintiff that the other stockholders of said bank would authorize him, plaintiff, to sell such a number of their shares of said stock as added to his own would equal to or exceed 1,251 shares of the capital stock of said bank for the price and sum of $130 per share and agreed to pay plaintiff a commission of one dollar per share in case he should effect the sale, and if you further believe from the evidence that pursuant to said agreement, plaintiff during the month of September or October, 1902, found purchasers who were ready and willing and able to purchase and did purchase or contract to purchase over 1,600 shares of· said stock, and pay therefor the price and sum of $130 per share, then you will find your verdict for the plaintiff in a sum not to exceed $459."

The objection to said instruction is twofold, viz.: That it required plaintiff to prove that defendant Ford guaranteed to him that the other stockholders of said bank would authorize plaintiff to sell such a number of shares of said stock as added to his own would equal or exceed 1,251 shares of the same. The complaint is well founded as the plaintiff did not sue upon any guar-

antee on the part of Ford. He alleges merely a contract of employment. Consequently the said instruction imposed a greater burden upon the plaintiff than was required by the issues raised by the pleadings, which was a serious error. If defendant Ford employed the plaintiff to sell 1,251 shares of said stock and he procured a purchaser who agreed to take the same and was able to pay therefor, the defendant was liable to the plaintiff for the commission for his services on the number of said shares mentioned. Nesbitt v. Helser, 49 Mo. 383; Finch v. Guardian Trust Co., 92 Mo. App. 263; Goodson v. Embleton, 106 Mo. App. 77. There was no controversy as to the ability of Tootle to pay for the stock. The proposed sale was repudiated on the ground of the opposition of the bank directors and not on the unwillingness of the stockholders themselves to sell their shares.

For the error noted the cause is reversed and remanded. All concur.