HENRY E. COOK AND ANOTHER *v.* ELIZABETH KROEMEKE.

In an action by real estate brokers, for commissions, the plaintiffs have made out a *prima facie* case when they have proved the introduction, by them, to defendant of a person willing to purchase on the terms at which they have been authorized by defendant to sell.

It is not necessary for them to prove, in the first instance, that the person introduced was of sufficient pecuniary ability to pay the price. On this question, the burden of proof is on the defendant to prove the contrary.

Nor is the broker obliged to cause the party willing to purchase to tender to the seller a written agreement to that effect.

APPEAL by plaintiffs from a judgment of the 7th District Court, dismissing the complaint. The facts are stated in the opinion.

*A. B. Clarke*, for appellants.

*J. E. Berry*, for respondent.

Cook v. Kroemeke.

By the Court.*—Joseph F. Daly, J.—The plaintiffs were
real estate brokers, and were employed by the defendant to sell
the house and lot, No. 341 West 54th street, at the price of $7,250.
They found and produced to her two persons successively, who
were willing to purchase on her terms, but she declined to exe-
cute a contract of sale, or to sell the property.    These facts
were proved at the trial by the plaintiff, Cook, and by Michael
Duly and John Gillford, the two persons who were willing to
become purchasers.    Duly presented to her a contract, which
she refused to sign, but no reason appears to have been given
for such refusal.    In Gillford's case, she appointed a time to
meet him at the plaintiffs', and although he was there, she failed
to appear, but no reason for her not attending appears in evi-
dence.    Without giving any evidence whatever, either as to
her reasons for not accepting either Duly or Gillford, or for not
selling to them, or to any other effect, defendant, at the close
of plaintiffs' testimony, moved to dismiss the complaint on the
grounds: 1st, That plaintiffs had not proved the introduction
of a man of sufficient pecuniary responsibility to the defendant;
2d, That the contract submitted to defendant was not one that
could be enforced in a court of equity.    The Justice thereupon
dismissed the complaint, rendering judgment therefor against
the plaintiffs in favor of defendant.

The justice erred.    The first ground on which defendant
moved to dismiss was not well taken.    It was for defendant to
prove, on the trial that the persons introduced to her as pur-
chasers were not able, pecuniarily, to pay the price they
agreed, or were willing to contract to give.    Until that was
shown they are each presumed to be solvent and able to pay
what they expressed a readiness to pay (*Hart* v. *Hoffmans*, Ct.
Appeals, June, 1871).

The second ground of motion to dismiss was not well taken.
It was not the broker's duty to present a purchaser with a con-
tract ready drawn and executed to tender to his principal.    It
is enough, that under the terms of his employment by his prin-
cipal he produces a person able and willing to take the prop-

* Present, Daly, Ch. J., Robinson and J. F. Daly, JJ.

erty and pay the price on the vendor's terms. No contract was presented by Gillford to the defendant nor tendered him by her. The burden was on her to show why she refused to keep her appointment with him. The brokers appear to have performed their duty (*Barnard* v. *Monnot*, 1 Abb. Ct. App. Dec. 108; s. c., 3 Keyes, 204; *Moses* v. *Birrling*, 31 N. Y. 464).

The judgment should be reversed.

Judgment reversed.