LUCY *v.* LUCY.                            { DECEMBER 2, 1874.

The real estate of a deceased person not insolvent vests at once upon his decease in the heir-at-law or devisee, subject to be divested by a proper sale under a license for the purpose of paying debts; and the administrator cannot enter to take the rents and profits.

In such case, if the administrator has received the rents and profits, he is not to be charged with them in his administration account, but is liable to account to the heirs for the same; nor is he entitled to be credited for taxes assessed subsequent to the decease of his intestate, and paid by him, nor for repairs made by him on the real estate.

If, through the administrator's negligence, a sale of real estate under license is void because of some defect in his proceedings, he will not be credited with his charges for services and expenses of such sale upon settlement of his administration account.

Commissions are allowed, not as perquisites, but as compensation for services, and the amount to be allowed will vary, according to the labor, risk, responsibility, and trouble of each particular case.

An administrator will be allowed for witness fees paid to sustain his administration account in the probate court, but not to sustain his private claim.

If a party, appealing from the decree of the probate court, delays unnecessarily to prosecute his appeal, his costs, if he prevails, will be limited.

This was an appeal from the settlement of an administration account in the court of probate for the county of Rockingham.

The case was referred to an auditor, who reported sundry facts in such manner as to raise some questions of law, and other questions of fact. The questions of fact being, so far as determined by the court, conclusions from certain facts stated by the auditor, and involving no

principle of law, are not necessary to be reported. The facts upon which the questions of law arose are sufficiently stated in the opinion.

*Hatch,* for the appellant.

*Wiggin,* for the appellee.

CUSHING, C. J. It appears that the estate was solvent, and was not settled in the insolvent course. The administrator took possession of the real estate, made repairs, paid taxes assessed after the testator's decease, and charged in his administration account for the services rendered by him, and the money paid out in thus taking care of the property. He also credited the estate with the amount of rents and profits received. The judge of probate disallowed these charges, and did not charge the administrator for the rents and profits, and the auditor, by his finding, referred the question of law to the court.

It is well settled that, in this state, real estate of the intestate, immediately upon his death, vests in the heirs, subject to be divested by proper proceedings for the payment of the intestate's debts. If the estate is insolvent and settled in the insolvent course, it is the duty of the administrator to take possession of it, take care of it, and take the rents and profits. But the mere fact that the estate is settled in the insolvent course does not authorize the administrator to have possession of the real estate. *Drinkwater* v. *Drinkwater,* 4 Mass. 354; *Sparhawk* v. *Allen,* 25 N. H. 266; *Bergin* v. *McFarland,* 26 N. H. 536; *Plumer* v. *Plumer,* 30 N. H. 558; *Remick* v. *Butterfield,* 31 N. H. 70; *Gregg* v. *Currier,* 36 N. H. 200–202; *Lane* v. *Thompson,* 43 N. H. 320.

This being so, it is plain that the administrator is accountable to the heirs, and not to the judge of probate, for the rents and profits; and if he gets any allowance for his services and expenditures, he must get it by a settlement with the heirs. The fact that he had managed the real estate with the acquiescence of the heirs would be very strong evidence of their consent, and that he was bound to account to them only for the net income after deducting his charges for the care of the property. The ruling of the judge of probate in this matter is therefore sustained.

It also appeared that the administrator had incurred certain expenses in making sale of the real estate under license, and that this sale had proved ineffectual by reason of the negligence of the administrator, and that these expenses were disallowed for that reason by the judge of probate. I am very clearly of opinion that these charges were properly disallowed.

The judge of probate disallowed a certain sum claimed by the administrator as commissions on the amount of money collected and accounted for. On the authority of the case of *Gordon* v. *West,* 8 N. H. 444, it is proper that the time, care, risk, and responsibility necessarily involved in the administration of an estate, and the collection and

payment of money, and much of which it would be difficult or impossible to charge in separate items, should be compensated by a commission ; and under all the circumstances which appeared to the court, and which need not be stated here, the ordinary commission of two and a half per cent. is allowed.

The judge of probate disallowed a certain sum charged by the administrator as witness fees for witnesses summoned by him in good faith, as the auditor found, for the purpose of substantiating his private claim against the estate. As, under our law, it is not the practice of the probate court to allow costs to creditors for proving their claims before commissioners or in the probate court, there is no reason why the administrator should fare any better than other creditors in that particular, and the charge was properly disallowed. It is understood that the witness fees for witnesses, whose testimony was used in settling the administration account, have been properly allowed.

The appellant, being on the whole case the prevailing party, is entitled to recover his costs of the appeal, including his costs before the auditor and the auditor's fees; but in this case, it appearing that, through the administrator's neglect, the cause had been unnecessarily delayed for several terms, he will not be allowed to tax any costs for those terms.

LADD, J.  I concur.

SMITH, J.  I concur.