PERKINS *v.* PERKINS, *Adm'x.*

The real estate of a deceased person not insolvent is not assets in the hands of an administrator, but, immediately on his death, vests in the heirs-at-law or devisees.

The judge of probate, against the consent of the heirs-at-law, has no power to refer to arbitration the personal claim of the administrator of an estate not administered in the insolvent course.

In the prosecution of his personal claim against the estate of his intestate, an administrator cannot testify to facts within the knowledge of the deceased.

PROBATE APPEAL, from the allowance of the administration account of the defendant, showing a balance due her from the estate. Facts found by a referee.

The plaintiff, appellant, is an heir-at-law of Hollis Perkins, deceased. The defendant is his widow and administratrix. In her account, she charged herself with the income of the deceased's real estate accruing after his death, and credited herself with the expense of repairs, carrying on the real estate, and the payment of taxes assessed upon it during the same period. She also credited herself with her personal claim against the estate, allowed by a referee appointed by the probate court against the plaintiff's objection. The estate was solvent, and was not administered in the insolvent course. The facts relating to her claim were within the knowledge of the deceased, and her own testimony was the sole evidence on the subject. The plaintiff objected to her right to testify.

*Worcester & Gafney*, for the plaintiff.

*T. J. Smith*, for the defendant.

ALLEN, J. The estate of Hollis Perkins being solvent, his real estate on his death vested in his heirs-at-law, and the administratrix improperly charged herself with the income arising after his death. The credits of expense in carrying it on, of the cost of repairs, and of taxes assessed upon it for the same period, were also erroneous, and the account should be corrected by omitting these items. *Lucy* v. *Lucy*, 55 N. H. 9.

It was the duty of the judge of probate to examine and adjust the private personal claim of the administratrix. Gen. St., c. 177, s. 10. The statute providing that the judge of probate should refer to arbitration the contested private claim of an administrator, unless the parties agree in writing that he should hear it, applies only to cases where the estate is administered in the insolvent course. Gen. St., c. 180, ss. 16, 17 ; *Piper* v. *Clark*, 18 N. H. 415 ; *McLaughlin* v. *Newton*, 53 N. H. 531 ; *Bond* v. *Dunbar*, 2 N. H. 216.

The testimony of the administratrix in relation to her own claim against the estate was not admissible. To permit her, as administratrix, to elect to testify so as to enable her, as an adverse party, to testify, would be permitting her to act as plaintiff and defendant in the same case, and, under the guise of an administrator's powers, to control the defence to her own claim. In the prosecution of her personal claim her functions as administratrix are suspended, and she stands the same as a claimant when the adverse party, an administrator,

does not elect to testify; and her testimony should not be received, unless injustice would be done by its exclusion. The facts about which she could testify were within the knowledge of the deceased, and about which, if living, he might testify, and justice does not require, but excludes, her evidence.   *Chandler* v. *Davis*, 47 N. H. 462 : *True* v. *Shepard*, 51 N. H. 501 ; *Stearns* v. *Wright*, 51 N. H. 600. There being no other evidence to support it, the personal claim of the administratrix is disallowed.

*The decree of the judge of probate is modified accordingly.*