DANIEL W. DESMOND *vs.* MARSHALL B. STEBBINS.

Suffolk. November 16. — 28, 1885. DEVENS, W. ALLEN, & GARDNER, JJ., absent.

If the owner of land employs a broker to sell it for a stipulated compensation, the broker is entitled to receive that sum, if, in pursuance of his employment, he substantially effects a sale by introducing to the owner a person to whom the owner sells the land.

CONTRACT. The declaration, which contained two counts, was as follows:

" And the plaintiff says, that on or about the thirtieth day of August, 1883, the defendant employed the plaintiff to procure a purchaser for a certain lot of land and dwelling-house thereon,

situated on Webster Street, in the city of Somerville, in the county of Middlesex, belonging to the defendant, and agreed and promised to pay the plaintiff therefor one hundred dollars, and in pursuance of said agreement the plaintiff did procure such purchaser, and the defendant owes the plaintiff one hundred dollars, and interest thereon from the fifth day of November, when he demanded the same.

" And the plaintiff says, that on or about the thirtieth day of August, 1883, the defendant employed the plaintiff to procure a purchaser for a certain lot of land and dwelling-house thereon, situate on Webster Street, in the city of Somerville, in the county of Middlesex, belonging to the defendant, and promised to pay the plaintiff therefor the usual and customary commission for procuring such purchaser, and the usual and customary commission in such case is two and one half per cent on the purchase money, and that was twenty-eight hundred dollars, and the said commission thereon is seventy dollars, and the defendant owes the plaintiff said sum of seventy dollars, and interest thereon from November 5, when he demanded the same."

Answer: 1. A general denial. 2. Payment.

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff put in evidence tending to show that he was a real estate broker, and was employed by the defendant to sell said land and house in Somerville, and was to receive for selling the same $100 by the terms of his employment; and he testified that, seeing a notice upon the house that it was for sale by one Porter, he applied to the defendant for permission to sell the same; that the defendant, after making some objections to permitting the plaintiff to do so, and hearing his reasons why he could sell it, asked him his price for selling it, to which the plaintiff answered $100; that the defendant said that Porter only asked two and a half per cent on the purchase money, and the plaintiff said that $100 was but a little more, to which the defendant answered, " Go ahead and sell it." This was substantially all of the testimony put in by the plaintiff to prove the contract of employment. The plaintiff further testified, that he advertised said estate for sale, and put in evidence to show that some one offered him less than $3200 for it; that, after this, he told the defendant

of this offer, who said he wished the plaintiff had reported it to him, and that he might now sell for less than $3200; that the plaintiff afterwards told one Jerome S. Daniels that it was for sale ; and that Daniels sent to the plaintiff's house for the keys, and saw the house, and then went to the defendant, and immediately after bought it of the defendant, who duly conveyed the same to Daniels.

The defendant admitted that, when the plaintiff applied for permission to sell the estate for the defendant, he agreed to pay the plaintiff $100 for selling the property, if he sold it for his price, $3200; and denied that the plaintiff asked, or that the defendant agreed to pay, anything unless the plaintiff sold the property. He was asked, on cross-examination, if he did not tell the plaintiff that he wished he had told him of an offer for said property under $3200, some time after the agreement ; to which the defendant answered that he might have done so. The plaintiff then asked the defendant if he did not intend to pay the plaintiff for selling, if the plaintiff sold the property for less than $3200, to which the defendant answered that he did ; and, when asked if he did not agree to pay the plaintiff if he found a purchaser at his price, said that he did. The plaintiff, in rebuttal, testified that, before the sale, the defendant authorized him to take $2800 as a minimum.

The defendant asked the judge to instruct the jury as follows : " 1. The plaintiff cannot recover, unless he proves that the defendant employed him to do the identical thing for which he seeks to recover in this action. 2. Under the pleadings, the plaintiff cannot recover, if the only agreement between the plaintiff and the defendant about this contract was, that the plaintiff would sell the property referred to for $100, and the defendant would pay $100 for selling it, unless the plaintiff made a contract for the sale of it."

The judge, after instructing the jury that the plaintiff must prove the contract relied on, gave the first instruction requested, in the language asked ; refused to give the second ; and instructed the jury as follows: " The question of fact is, whether the plaintiff sold the defendant's house. If the jury find that the defendant made this bargain with the plaintiff, as a broker, it is not necessary that the plaintiff should himself do all the acts

necessary in law to effect a sale of real estate; but you will be authorized to find that the plaintiff sold the house, if, under such employment, he substantially effected a sale by introducing a party to the owner, who, by means of such introduction, became the ultimate purchaser, and held himself ready to do all that was necessary to effect a sale, although the owner stepped in and closed the legal contract, without calling in the broker for further services."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. S. Dame*, for the defendant.

*A. J. McLeod*, for the plaintiff, was not called upon.

BY THE COURT. Under the instructions given them, the jury must have found that the contract between the parties was as set out in the declaration, namely, that the defendant employed the plaintiff to procure a purchaser for the land and house of the defendant. There was no written contract. The employment was by an oral agreement, and, upon the evidence, it was competent for the jury to find that it was the ordinary case of the employment of a broker to procure a purchaser. Under such a contract, the broker is entitled to compensation, if he substantially effects a sale by procuring and introducing a purchaser to whom the owner sells the land. The instructions at the trial were sufficiently favorable to the defendant.

*Exceptions overruled.*