THOMSON *v.* SMITH, *Adm'r.*

An administrator cannot bind the estate by an executory contract, nor create a liability not founded upon the contract or obligation of his intestate.

But relief may, in a proper case, be given in equity, by applying funds of the estate to the discharge of an obligation entered into, in good faith, by the administrator on behalf of the estate, no other remedy being open to the plaintiff.

BILL IN EQUITY. Facts found by the court. In October, 1882, one Wallace was appointed administrator on the estate of James Drummond, late of Dover, and acted as such until his removal by the probate court in October, 1885, when the defendant was appointed administrator *de bonis non.* Wallace settled his administration account, and there is now in the hands of the defendant about $800. There are no debts, and no claims against the administrator, except that of the plaintiff stated below.

In October, 1883, at the request of Wallace, and for the purpose of collecting, in Nova Scotia, a note for $2,700, given to Drummond in his life-time by the Roman Catholic Episcopal Corporation of Arichat, for borrowed money, the plaintiff procured himself to be appointed administrator there, and in that capacity commenced and carried on, at considerable expense, a suit upon the note. That suit was finally determined against him on the ground that the defendant corporation had not legal authority to borrow money or give a note, and he was obliged to pay the defendants' costs therein, amounting to $529.99. This bill is brought to recover the expenses so incurred, including the bill of costs paid by the plaintiff as above, and $30 for his own services as administrator in Nova Scotia. There was no personal estate of the deceased in Nova Scotia.

Certain lands in Nova Scotia belonging to the estate were in the occupation of two tenants who refused to pay rent or to vacate the

premises.  Wallace directed the plaintiff to have them evicted, and sent him $200 for the special purpose of paying the expense of the necessary proceedings.  The plaintiff caused suits to be brought and prosecuted in the name of the heirs-at-law against the tenants, at a total expense of $147.27, of which he paid $111.27. The remainder of the $200, together with $300 sent by Wallace for the purpose, he applied to the payment of the costs of the suit on the note.  The decree, if in favor of the plaintiff, is to be for $541.73, or for $430.46, according as the item for $111.27 is or is not allowed to him, with interest from June 11, 1885.

*J. G. Hall*, for the plaintiff.

*T. J. Smith*, for the defendant.

SMITH, J.  Wallace, the former administrator of the defendant's intestate in New Hampshire, having employed the plaintiff to incur the expenditures and render the services for which he seeks to recover in this suit, became personally liable to him, and in a suit against him the judgment would be, not against the goods of the deceased, but against the goods of the representative.  He could use the funds of the estate for purposes authorized by law, but could not bind the estate by an executory contract, nor create a liability not founded upon the contract or obligation of the intestate.  *Ferrin* v. *Myrick*, 41 N. Y. 315; *Austin* v. *Munro*, 47 N. Y. 360, 366.  An action at law against the estate of the deceased cannot therefore be maintained by the plaintiff.  *Wait* v. *Holt*, 58 N. H. 467.  Can the plaintiff, having no remedy against Wallace by reason of his insolvency and abscondance, nor against the estate of the defendant's intestate in New Hampshire, in an action at law, nor in Nova Scotia, because there is no personalty belonging to the estate in that province, maintain a bill in equity against the defendant as administrator in this state for the recovery for his services and disbursements?  In *Wait* v. *Holt* this question was left undecided.  In the opinion in that case, stress was put upon the fact that the persons interested in the estate, and having a right to be heard in the settlement of the executor's account in the probate court, have no opportunity to be heard in a suit at law against the executor.

Unless the plaintiff can maintain this bill, he is remediless. That the large claim unsuccessfully prosecuted in Nova Scotia was justly due to the deceased, and that the plaintiff and Wallace acted in good faith, are admitted.  A recovery was defeated upon technical grounds.  If Wallace had paid the plaintiff for his services and disbursements, the payment would have been allowed to him in his account, and it was an accident, for which the plaintiff is not in fault, that it was not so.  If there was personal estate in Nova Scotia, the claim would be paid out of it, and it would make no

difference to the heirs in the end whether the plaintiff was paid from the estate in Nova Scotia or in New Hampshire. Administration there is ancillary to the administration here; and there being no personal estate in that province belonging to the estate of the deceased, the case is an appropriate one for equity to afford relief, on the ground of a want of other adequate remedy.

For the plaintiff's services and expenses in the ejectment suits in Nova Scotia, the heirs, and not the estate, are liable, if they authorized the bringing of the suits. It was no part of the duty of the plaintiff to bring them, the estate being solvent (*Lucy* v. *Lucy*, 55 N. H. 9); at least, in the absence of any evidence or finding to the contrary, we assume that the law of Nova Scotia is not different from that of New Hampshire in this respect; and if the law is different, we should expect some provision would be made for the payment of the administrator out of the realty. It follows that the sum of $200, advanced to the plaintiff by Wallace for defraying the expenses of the eviction suits, was wrongfully applied for that purpose.

It is immaterial whether the plaintiff has paid the whole of the sum of $368.47, being liable for that amount to those whom he employed.

The heirs of the defendant's intestate being represented by his administrator, there is no occasion to make them parties to this suit. The plaintiff is entitled to a decree for $430.46, and interest from June 11, 1885.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.