Hillsborough, }
  June, 1895. }

## PARKER v. ESTABROOK.

A broker employed to sell land is entitled to the stipulated compensation if he produces a customer with whom the owner enters into a binding contract of sale.

ASSUMPSIT, for services. Facts found by a referee. In 1891, the defendant placed the sale of his farm with the plaintiff, agreeing to pay him $100 commission if he sold it. In August, 1891, the plaintiff produced a customer, one Marston, with whom an agreement in writing was made, by which the defendant agreed to sell the farm to Marston and convey it by a good and sufficient deed on or before October 15, 1891, for $2,250; and Marston agreed to purchase it on those terms. The agreement also contained this provision: "It is hereby agreed in case of a failure on the part of either of the parties to this agreement to perform any stipulation or agreements by him to be performed, that the party in fault shall pay to the other party the sum of $200 as liquidated damages." Marston declined to take the property and paid the defendant the $200 damages, whereupon the agreement was cancelled. The plaintiff demanded the $100 commission of the defendant, which he refused to pay, claiming the farm was not sold by the plaintiff. Upon these facts the referee found for the the plaintiff. Both parties move for judgment upon the report.

*Joseph B. Parker,* plaintiff, *pro se.*

*Charles W. Hoitt,* for the defendant.

PARSONS, J. "The general rule of law as to commissions undoubtedly is, that the whole service or duty must be performed, before the right to any commissions attaches, either ordinary or extraordinary; for an agent must complete the thing required of him, before he is entitled to charge for it." Sto. Ag., s. 329. The question in this case, therefore, is whether the agreement entered into between Marston and the defendant constituted a sale within the meaning of the contract between the plaintiff and the defendant; in other words, had the plaintiff performed the contract? The general rule upon the authorities is that to entitle a real estate broker to recover his commissions he must show that he produced one who was both able and willing to purchase the property upon the terms proposed. *Chapin* v. *Bridges,* 116 Mass. 105; *Desmond* v. *Stebbins,* 140 Mass. 339; *Hayden* v. *Grillo,* 26 Mo. App. 289, 293; *Coleman* v. *Meade,*

13 Bush (Ky.) 358, 363; *Kock* v. *Emmerling*, 22 How. 69; *Phelan* v. *Gardner*, 43 Cal. 306, 311; *Nesbitt* v. *Helser*, 49 Mo. 383, 385; *Gillett* v. *Corum*, 7 Kan. 156; *Hamlin* v. *Schulte*, 31 Minn. 486.

In all the cases, under varying forms of expression, the fundamental doctrine is that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale and the price and terms upon which it is to be made, and that until that is done his right to commissions does not accrue. *Sibbald* v. *Iron Co.*, 83 N.Y. 378. "A broker is not entitled to commissions when the customer, through no fault of the seller, refuses to complete the contract; but it is different when the customer has entered into a contract, binding upon both parties, or into an agreement to pay a stipulated sum as damages in case of refusal to complete the contract." *Leete* v. *Norton*, 43 Conn. 219; *Coleman* v. *Meade*, 13 Bush (Ky.) 358; *Veazie* v. *Parker*, 72 Me. 443; *Pearson* v. *Mason*, 120 Mass. 53; *Rice* v. *Mayo*, 107 Mass. 550; *Ward* v. *Cobb*, 148 Mass. 518. There is no suggestion in the present case that the purchaser, Marston, was not pecuniarily responsible and able to answer according to his contract. When the vendor accepts the purchaser and enters into a contract with him, the solvency of the purchaser is to be presumed in the absence of proof. *Grosse* v. *Cooley*, 43 Minn. 188; *Hart* v. *Hoffman*, 44 How. Pr. 168; *Cook* v. *Kroemeke*, 4 Daly 268; *Coleman* v. *Meade, supra.*

Nor does it appear upon what terms the sale of the farm was entrusted to the broker. It must be assumed that the terms set forth in the written agreement with Marston were in accord with the previous instructions to the broker, or were satisfactory to the defendant; if not, in the first case the defendant would have been under no obligation to make the agreement, and in the second case would not have done so. The written agreement, though insufficient to pass the legal title, was a sale in effect and by its terms. The equitable title passed to the purchaser, and he could have compelled specific performance of the contract. Similarly, the defendant could have compelled the performance of the contract by Marston. The fact that the agreement contained a stipulation as to damages in case of a breach by either, did not deprive either of his right to a performance as agreed. *Ewins* v. *Gordon*, 49 N. H. 444. But even if the contract only bound Marston to take the farm or pay $200 for breach of his agreement, it was a contract of sale acceptable to the defendant; and having agreed upon the sum at which the purchaser should be permitted to withdraw therefrom, the defendant must be presumed to have included in the sum named all items of possible damage to him, including the agent's commission which he had agreed to pay, and he is

estopped to deny that this payment was not equivalent to per-
formance. *Leete* v. *Norton, supra.* The case stands no differ-
ently than it would had the defendant conveyed to Marston by
deed, taking a mortgage back for the whole purchase money,
and subsequently released the mortgage and taken the farm
back upon payment of $200. The plaintiff, having performed
his contract, is entitled to the agreed commission.

                                        *Judgment on the report.*

All concurred.