Coös,
Dec. 1, 1908.

### LAWRENCE *v.* TOOTHAKER & a.

One who enters into a contract with officers of a municipality is chargeable with knowledge of the limitations of their authority.

Municipal officers who contract in their official capacity, but beyond the scope of their authority, are not personally liable on the agreement, in the absence of fraud or an express promise to incur that responsibility.

ASSUMPSIT, for services rendered in making plans for a schoolhouse in Berlin. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1907, of the superior court by *Chamberlin*, J., on the defendants' exception to the denial of a motion for the direction of a verdict in their favor.

The evidence tended to show the following facts: The plaintiff is an architect, and the defendants constituted the board of education in Berlin at the time of the contract in question. The defendants requested the plaintiff to make plans for a school building to take the place of one which had been burned, and after some negotiations between the parties a contract was agreed upon for his employment. Soon afterward the defendants notified the plaintiff to cease working on the plans, as they did not wish to use them. He replied that he should hold them to the contract. He charged his services to the city of Berlin and understood that he was dealing with the board of education. In a suit against the city on this account he was unsuccessful, upon the ground that the board of education had no authority to bind the city. Both parties acted in good faith in making the contract.

*Scott Sloane*, for the plaintiff.

*Matthew J. Ryan* and *Edmund Sullivan*, for the defendants.

WALKER, J. The evidence is not sufficient to support a finding that at the time the contract was made the defendants intended to bind themselves personally, or that the plaintiff understood they

did. No express promise on the part of the defendants was made, and it was not suggested by the plaintiff that the defendants were to be deemed the responsible contracting parties. Nor is there any evidence that the defendants suppressed any material facts relating to their authorization to bind the city. Both parties acted in good faith upon the assumption that the defendants were authorized to make the contract as representatives of the city; and in accordance with that understanding the plaintiff gave credit to the city.

It may be conceded that the defendants, as the board of education, had no authority to contract with the plaintiff for and in behalf of the city, and that the attempted exercise of such authority was futile. But it does not follow that the defendants bound themselves to pay for the plaintiff's services. *Ogden* v. *Raymond,* 22 Conn. 379, 384. The board's want of statutory power to do what it attempted to do was as much within the cognizance of the plaintiff as that of the defendants. *Richards* v. *Columbia,* 55 N. H. 96, 99; *Sprague* v. *Cornish,* 59 N. H. 161. The plaintiff was chargeable with knowledge of their official limitations; and having voluntarily contracted with them in their official capacity and given credit to the city for the performance of the contract, he is in no position to claim that the defendants are personally responsible on the contract, in the absence of an express promise by them to incur that responsibility, unless the law would imply a promise of guaranty that they had the requisite power. But " where all the facts and circumstances surrounding the case are known to both the agent and third party, but there is a mutual mistake as to a matter of law,—as the principal's liability, or the legal effect of the agent's written authority,—the agent cannot be held personally responsible by reason of the mere fact that the principal cannot be held, unless the agent by some apt expression guarantees the contract or assumes it himself." 2 Cl. & Sk. Ag., s. 582 b; *Jefts* v. *York,* 10 Cush. 392. And this principle of law is equally applicable when public officers, like the defendants, assume to bind the public by their contracts with third parties. Their authority is statutory; and whether their attempted exercise of it in a particular case is authorized is ordinarily a question of law, which the other contracting party has ample opportunity to investigate and decide for himself. If for any reason he is unwilling to incur that risk, an express guaranty by the other that he acts within the scope of his authority would be necessary to render the latter liable on the contract. *Underhill* v. *Gibson,* 2 N. H. 352; *Brown* v. *Rundlett,* 15 N. H. 360; *Farnam* v. *Davis,* 32 N. H. 302. Cases like *Weare* v. *Gove,* 44 N. H. 196, do not conflict with this result. It was there expressly recognized (*p.* 197) that the agent

cannot be held "where the promisee, being fully informed of the facts upon which the assumed authority rests, forms his own judgment, and contracts for and relies upon the engagement of the principal alone. In such a case it would be unjust that the agent should be bound, because such was not the contract."

As the reported evidence negatives the idea that the parties intended that the defendants should be individually liable on the contract, and as there is no evidence that they guaranteed their authority, or were guilty of any fraud upon the plaintiff, the defendants' motion for a verdict should have been granted.

*Exception sustained: verdict set aside.*

All concurred.