Strafford,   }
Nov. 4, 1914. }

## MARY J. ROLLINS v. ELI ROLLINS.

Where funds deposited in the name of a person deceased and inventoried as part of his estate are in fact the property of his widow and administratrix, her claim thereto is to be adjudicated by the probate court upon the settlement of her account of administration.

BILL IN EQUITY. Trial by the court. The plaintiff is the widow of Albert E. Rollins and administratrix of his estate. The defendant is Albert's father and the only person entitled to share his estate besides the plaintiff. At Albert's decease, there was a deposit of $4,018.27 to his credit in the Rochester Loan and Banking Company, which was inventoried by the administratrix as part of his estate, although it was in fact the joint accumulation of the earnings of herself and Albert. One third of the deposit was the product of her labor; and this sum, although deposited in Albert's name, was not a gift or loan to him. Upon these facts, the court (*Branch*, J.) found that justice required that the plaintiff should be allowed to deduct the amount contributed by her before a distribution to the defendant as heir-at-law; but upon the ground that the plaintiff's remedy lay in the probate court, it was ruled as matter of law that the bill could not be maintained, and the question presented by this ruling was transferred from the February term, 1914, of the superior court.

*Lawrence V. McGill* (by brief and orally), for the plaintiff.

*Ernest B. Folsom*, for the defendant.

PLUMMER, J. The ruling of the superior court was correct. If the plaintiff's contention as to her ownership in the fund standing in the name of her intestate does not describe a debt of the estate, it is at least a claim against it. Her claim is that so much of the

money now in her hands as administratrix is her property and not that of the estate.

The appointment of the plaintiff as administratrix suspended her right of action against the estate. *Preston* v. *Cutter,* 64 N. H. 461, 467, 468. The administrator claiming adversely to the estate cannot at the same time represent the estate. If no provision were made by statute, such a claim by an administrator could be adjudicated only by his retirement from office and the appointment of some indifferent person to represent the estate. The statute, however, meets the situation by providing that "the judge [of probate], after due notice, shall liquidate and adjust all debts and claims due to the administrator." P. S., c. 189, s. 12. In 1822, this provision read: "Demands due from a person deceased to an executor or administrator shall be liquidated and adjusted by the judge, and credited the executor or administrator in the account of administration." Laws 1822, c. 31, s. 7; Laws, *ed.* 1830, *p.* 335. In the revision of 1842, the word "demands" was changed to the language now found in the statute, "debts and claims." R. S., c. 159, s. 9; Comm'rs' Rep. R. S., c. 162, s. 9.

If the contention of the plaintiff that her claim is not a debt were material under the law of 1822, it is of no force under the law as it has stood for over seventy years. "It was the duty of the judge of probate to examine and adjust the private personal claim of the administratrix." *Perkins* v. *Perkins,* 58 N. H. 405, 406. Proper notice having been given, the plaintiff's contention will be adjusted in the settlement of her administration account. The fact that the whole sum was inventoried as part of the estate of the deceased is not conclusive against the plaintiff's title. It would seem to have properly been so inventoried, as property coming to the hands of the administratrix by virtue of her appointment. If upon settlement of the account one third thereof is found to belong to the plaintiff rather than to the estate, she will be allowed therefor in her account precisely as if some third person had proved title to it and taken it out of the estate.

*Case discharged.*

All concurred.