Merrimack,  ⎱
Dec. 7, 1915. ⎰

### ENOS T. MORRISON *v.* GEORGE L. HALL.

Certain evidence deemed sufficient to warrant the finding that the plaintiff in an action of assumpsit was fully employed by the defendant to bring about a sale of the latter's real estate, that his efforts to accomplish that purpose induced a purchase of the property, and that he was entitled to the compensation agreed upon for that service.

The questions of the weight of the evidence and the credibility of witnesses are not reviewable in the supreme court upon exception to the denial of a motion for a directed verdict.

The fact that an agent did not actively participate in the final negotiations for the sale of real estate does not conclusively prove that he was not employed by the owner to effectuate a sale, nor that what he did was not the efficient cause of the transfer.

ASSUMPSIT, for services in selling real estate. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1911, of the superior court by *Wallace*, C. J., on the defendant's exception to the denial of his motion for a directed verdict. The facts are stated in the opinion.

*Martin & Howe* and *J. Joseph Doherty* (*Mr. Doherty* orally), for the plaintiff.

*Bert G. Holland* (of Massachusetts) and *George W. Stone* (*Mr. Holland* orally), for the defendant.

WALKER, J. The simple question presented is whether the plaintiff's evidence was sufficient to authorize the jury in returning a verdict in his favor. He sought to recover the sum of $150 under a contract by which, it is claimed, the defendant employed him to sell a woodlot which the defendant himself afterward sold. The evidence tended to show the following facts: Some time in February, 1908, the plaintiff, who was a real estate agent, had a conversation with the defendant in regard to the sale of his lot, and as a

result subsequently, on the 18th day of that month, submitted to him a proposition in writing, by which he offered to do the best he could to sell it for $3,250, of which sum he should have $150. The defendant had been willing to sell for $3,000, and it was stipulated that if he sold for that sum to any of the plaintiff's customers he should pay the plaintiff $100, but if to a party not the plaintiff's customer he was to keep the $3,000. To this proposition the defendant assented in writing. Afterward, at the plaintiff's suggestion, the price was raised to $3,500. The plaintiff, having sold another lot to Jenness Brothers, called their attention to this lot, and in consequence they looked it over. They finally bought it of the defendant for $3,500. The plaintiff was not present when the trade was made. He talked with several other men about selling the lot to them and advertised it for sale in a newspaper. At the time of the sale the defendant knew that the plaintiff had endeavored to get Jenness Brothers to buy it. From these evidentiary facts the jury were amply warranted in finding that the plaintiff was fully employed to bring about a sale of the property for a sum in excess of $3,250, that his efforts to accomplish that purpose induced Jenness Brothers to negotiate with the defendant for the purchase of the lot (*Hiltz* v. *Williams*, 167 Mass. 454), and that he was entitled to $150, the compensation agreed upon for that service.

While it is true that the evidence was conflicting in some respects and that the jury might have reached a different conclusion, the question of the weight of the evidence or the credibility of the witnesses is not reviewable in this court upon a motion for a directed verdict. Nor does the simple fact that the plaintiff did not take an active part in the final negotiations prove that he was not employed by the defendant, or that what he did was not the efficient cause of the sale. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. It was competent for the jury to disbelieve the testimony of the defendant and his witnesses upon the efficacy of the plaintiff's services. It follows, therefore, that upon the defendant's theory, that the plaintiff could not recover unless it appeared that he produced a customer who was able and willing to purchase the property, the evidence was sufficient. In other words, it authorized a finding that the plaintiff induced Jenness Brothers to purchase the property, and that the defendant understood at the time of the sale that they were the plaintiff's customers.

*Exception overruled.*

All concurred.