Hillsborough, ⎱
March 6, 1923. ⎰

### TRUE W. JONES BREWING CO. *v.* JAMES W. FLAHERTY.

An administrator is not personally liable upon his unauthorized attempts to contract in behalf of the estate when there is an agreement excluding his personal liability.

In an action on the defendant's promissory note and on an account for goods sold, parol evidence is inadmissible as to the note, but admissible as to the account, to show that the defendant was in all respects acting for an estate of which he was administrator in making the purchases from the plaintiff and in giving the note.

ASSUMPSIT, to recover the amount of two promissory notes, and an account for goods sold. Trial by jury. At the close of the evidence, the plaintiff's motion for a directed verdict as to all the items was granted subject to exception. The ruling as to the account was predicated upon the plaintiff's agreement that if it was erroneous there should be judgment for the defendant as to that item. Transferred from the May term, 1922, of the superior court by *Branch*, J. The facts are stated in the opinion.

*McLane & Davis*, for the plaintiff.

*James A. Broderick*, for the defendant.

PEASLEE, J. This action is brought to recover the amount of two promissory notes, signed by the defendant, and also an open account, charged to him upon the books of the plaintiff. The defendant's signatures on the notes were admitted under the rule.

The defendant offered to show that he was carrying on the business formerly owned and conducted by his brother, who had died before the transactions in question; and that he was in all respects

acting for the estate in making purchases from the plaintiff and in giving the notes, and that the plaintiff understood and assented to this method of doing business. This evidence would afford no defence to a suit upon the notes. It "was in conflict with the rule which forbids the introduction of parol evidence to vary or control a written contract." *Simpson* v. *Currier*, 60 N. H. 19, 20; *Chandler* v. *Coe*, 54 N. H. 561, 576; *Concord Bank* v. *Rogers*, 16 N. H. 9.

As to the book account, the situation is different. There was no written contract involved here, and it was open to the parties to show what the agreement was under which the goods were delivered. As it could have been found that the agreement was to sell ale to the estate, and that the defendant acted only in a representative capacity and assumed no personal responsibility, it follows that the case was for the jury upon this part of the specification.

The proposition that an administrator cannot carry on the business of his decedent, nor make purchases on account of the estate, is not decisive here. The question is not whether the estate is bound, but whether the defendant is. If he fully disclosed the situation to the plaintiff, and the plaintiff chose to make a sale, or an attempted sale, to the estate, he is not made liable personally because it appears that the principal for whom he assumed to act was not bound.

"If the defect of authority arises from a want of legal capacity, and if the parties act under a mutual mistake of the law, and are both equally well informed in regard to the facts, so that the lender is not misled by any word or act of the agent, he would have no legal remedy against the agent; not in assumpsit, for it is not his contract; not in tort, for he is chargeable with no deceit." *Jefts* v. *York*, 10 Cush. 392, 395.

The plaintiff relies upon the statement in *Thomson* v. *Smith*, 64 N. H. 412, 413, to the effect that an administrator is personally liable upon his unauthorized attempts to contract in behalf of the estate. Similar expressions are to be found in other cases. *Hardy* v. *Bank*, 61 N. H. 34, 39; *Wait* v. *Holt*, 58 N. H. 467; *Phelps* v. *Worcester*, 11 N. H. 51. In none of these cases was the question of the personal liability of an administrator or guardian involved. The remarks upon that subject form no part of the decisions. All that was intended by the observations referred to is that upon a general contract of employment or purchase the administrator or guardian is personally liable. Having no power to bind the estate, and presumably intending to bind some one, the inference is that he bound himself. But this is a mere matter of inference, and is con-

trolled by proof of an explicit agreement to the contrary. The complement to the general rule that the administrator is liable is that "He might have made a special contract, excluding any personal liability on his part, if he had chosen to do so." *Livermore* v. *Rand*, 26 N. H. 85, 90. The evidence offered by the defendant tended to prove that this is what was done in the present instance.

The further claim of the defendant that all the transactions between the parties were illegal and voidable because they were dependent upon an unlawful agreement for the defendant to conduct a licensed liquor saloon in his name, when in fact it was owned by the plaintiff, does not require extended consideration. There is no evidence in the record from which the alleged facts could be found.

The item of allowance for one-half the proceeds of the Gikas mortgage was not filed as a set-off. But if it had been, there is no evidence upon which to charge the plaintiff for it. It appears that the parties to this suit were equally interested in that security. The property consisted of bar-room fixtures. The plaintiff removed them from the saloon after the repeal of the license law, and stored them upon its premises to save payment of rent. They are now subject to disposition by the parties. There is nothing tending to show any infringement of the defendant's rights in respect to this matter.

In accordance with the rulings and stipulations made at the trial, the plaintiff is entitled to recover upon the notes only.

*Judgment for the plaintiff upon the notes, and for the defendant upon the account.*

All concurred.