Grafton, }
June 5, 1923. }

### E. A. STROUT FARM AGENCY *v.* FAYETTE WORTHEN.

An agent cannot be charged individually upon a contract ostensibly made on behalf of a principal who is himself liable thereon.

Where a contract was intended to be made on behalf of the owner of property and there was authority to make such agreement, the fact that the name signed was in law a fictitious one does not invalidate the contract as that of the principal.

An agent is not liable upon a contract made in behalf of "the estate of" A as principal, if both the agent and the other party thereto understood the contract was made with the owner of the land and the sole error consisted in the honest mutual assumption that the record title was in the estate of A, whereas the devisee of A had title and had authorized the agent to make the agreement.

A party may be bound by a fictitious name, or one merely descriptive: the real question in such a case is whether the signature was made to designate a certain party.

ASSUMPSIT, to recover a commission on the sale of a farm. Trial by jury. At the close of the evidence, the defendant's motion for a directed verdict was granted by *Sawyer,* J., subject to exception.

The evidence tended to prove that the farm was formerly owned by Frank Worthen, who died in 1912, testate. He devised all his real estate to his widow, Martha, whom he named as executrix. She settled a final account in 1914. The estate was solvent, and no real estate was sold. The defendant is their son, and carried on the farm after his father's death. He had authority to act for his mother in the matter of a sale. Looking to that end, he made an agency contract with the plaintiff in April, 1921, and represented that the

record owner was "the Frank Worthen estate." Thereupon the plaintiff's representative directed him to execute the contract "Frank Worthen estate (record owner) by Fayette Worthen, agent for owner." Other facts are stated in the opinion.

*George W. Pike* and *Fred S. Wright* (*Mr. Pike* orally), for the plaintiff.

*Shields & Conant* (of Vermont) and *Charles H. Hosford* (*Mr. Conant* orally), for the defendant.

PEASLEE, J. This is an action seeking to charge an agent upon a contract which he attempted to make in behalf of another. The claim is that because Martha Worthen and not "the estate of Frank Worthen" was the owner of the property, therefore the contract binds the agent personally.

The evidence shows that the defendant undertook to bind the owner of the farm, that he understood that the appropriate designation of the principal, or holder of the record title, was "the Frank Worthen estate," that Mrs. Worthen was the sole beneficiary under her husband's will, that the defendant was authorized to act for her, and that neither she nor her estate have ever denied that the contract he made was binding upon her. The plaintiff's representative understood that he was contracting with the owner of the farm. The defendant had the same understanding. Under these circumstances the fact that the defendant erroneously assumed that she held the property in the name of the estate, rather than in her own name, does not affect the validity of the contract.

There was no evidence and no claim of any fraud practiced upon the plaintiff. The sole error was in the honest assumption that the record title was in the estate. But as the contract was intended to be made on behalf of the owner, and as there was authority to make such agreement, the fact that the name signed was in law a fictitious one does not invalidate the contract as that of the principal. As matter of law, the estate, in the technical sense, never owns land of the decedent. It merely has a lien thereon for the payment of certain charges. *Lucy* v. *Lucy*, 55 N. H. 9.

The defendant's representation that the record title was in the Frank Worthen estate was, as matter of law, a statement that the decedent's heirs or devisees owned the land, subject to the liability that it might be taken in appropriate proceedings. *Wentworth*

v. *Wentworth,* 75 N. H. 547. It is therefore to be assumed that when the parties used the term "the Frank Worthen estate" they meant the heirs or devisees of the former owner. It is entirely clear that this is what they did mean, and such is the true construction of the writing. *Kimball* v. *Society,* 65 N. H. 139.

However broad the rule may be for charging an agent individually upon a contract ostensibly made on behalf of a principal, it has never been applied in a case where the principal was liable. Upon the evidence in this case it must be found that the principal was bound. The name signed to the agreement was designed and understood by the parties to be an appropriate one to describe the then owner of the farm. The manifest purpose was to bind the owner of the estate, who took it under Frank Worthen's will. The earlier cases holding that under some circumstances the agent is bound upon the contract if it appears that the principal is not (*Weare* v. *Gove,* 44 N. H. 196, and cases cited), have no application. There was no lack of authority here, and the soundness of those decisions need not be considered. See, however, *Lawrence* v. *Toothaker,* 75 N. H. 148.

The plaintiff's claim that because the estate had been settled, therefore there was no principal in existence, leaves out of consideration the rule that a party may be bound by a fictitious name, or one merely descriptive. The real question in such a case is whether the signature was made to designate a certain party. *Knox's Appeal,* 131 Pa. St. 220. If it appears that it was, the instrument will be given effect accordingly. *In re Bullivant's Will,* 82 N. J. Eq. 340. The fact that the defendant did not and could not make a contract binding upon the executrix of the estate, is of no moment, since it appears that the designation of the principal, as used in the contract, was not intended to apply to the executrix but to the devisee.

But if it were to be assumed that the defendant attempted to act for the executrix as such, the plaintiff stands no better. If she had still been in office, she could not have made a contract for services binding the estate of her testator. *Thomson* v. *Smith,* 64 N. H. 412. This fundamental defect in the power of the defendant to act for the estate being matter of law, the plaintiff cannot complain against the agent because of his lack of power so to act. *Lawrence* v. *Toothaker, supra.*

The fact that the executrix was no longer in office is immaterial; because, if she had been, the estate would not have been bound by the promise. So far as she herself might be liable because of a promise made under such circumstances (*Jones Brewing Co.* v. *Flaherty,*

80 N. H. 571, and cases cited), the plaintiff has all the remedy he would have had if she herself had affixed the signature which she authorized the defendant to make. The utmost that could be required of the defendant would be that he make good his alleged representation that the estate of Frank Worthen was still in existence, as such. Assuming that fact to be established, the plaintiff could not recover from the estate upon the contract. As the existence of the non-existent fact would not improve the plaintiff's situation, it is manifest that he cannot base a right of action upon the ground of responsibility for its non-existence.

In no view of the evidence is there anything from which a material lack of authority in fact could be found. The defendant's motion for a directed verdict was properly granted.

At the argument, the defendant expressed the wish that his motion be sustained upon the ground that there was no evidence that the plaintiff performed its contract. The reason for this is evidently the hope that in this way a future suit against the estate of Mrs. Worthen might be avoided. But the case as presented here does not raise all the questions which may be litigated in the other suit. If it be assumed that the demand for the execution of a sales agreement, the inclusion therein of crops (excluded from the original contract), the offer of only $1,000 as a first payment, or any other facts in evidence, make the Elms proposal insufficient, there remains the evidence as to Ricker, to whom the defendant sold the farm after Mrs. Worthen's death. This showed that the plaintiff brought the property to Ricker's attention, but as there was no proof that it secured from Ricker an offer to buy, the evidence was excluded as immaterial. No exception was taken, and the correctness of the ruling is not now involved. But the course of the trial in another suit may be different and the question may then be raised. See *Parker* v. *Estabrook,* 68 N. H. 349; *Morrison* v. *Hall,* 78 N. H. 48.

*Exception overruled.*

All concurred.