**HERBERT v. SULLIVAN et al.**

No. 92.

District Court, D. New Hampshire.

Feb. 24, 1941.

As Amended March 17, 1941.

J. Morton Rosenblum, of Manchester, N. H., for plaintiff.

Frank Clancy, of Nashua, N. H., for defendant.

MORRIS, District Judge.

This is an action brought to recover the amount due on a promissory note. The plaintiff, James A. Herbert of Winchester, Mass., is the duly appointed and qualified trustee of the estate of the Commercial Brewing Company of Boston, a bankrupt corporation.

The defendants William F. Sullivan, Mary J. Cody and Ellen M. McMurrer of Nashua, N. H., are the duly appointed and qualified executors of the will of John D. Sullivan, late of said Nashua. They received their appointment from the Probate Court February 29, 1932.

On October 31, 1935, the defendants borrowed from the Commercial Brewing Company the sum of $5,000, the receipt of which was witnessed by the following note:

"$5,000.00—   Nashau N. H.,
   "Oct. 31, 1935.

"On demand after date I promise to pay to the order of the Commercial Brewing Company, of Charlestown, Massachusetts, Five Thousand and no/100 Dollars payable at its office with interest at five per cent per annum value received. Secured by collateral one hundred shares Commercial Brewing Company stock.

   "William F. Sullivan
   "Mary J. Cody
   "Ellen M. McMurrer.
   "Executors of the Will of
   John D. Sullivan."

The money was borrowed for the purpose of paying outstanding debts of the deceased and this fact was known by the Commercial Brewing Company. The business was transacted with the president and treasurer of the Company. The check was made payable to the estate of John D. Sullivan and was used to pay the debts of the estate.

Two certificates of stock of the Commercial Brewing Company numbered 138 and 139 for fifty shares each accompanied the delivery of the note. There was an assignment in blank signed by the three executors of the estate. The estimated value of the shares on October 31, 1935, was $100 each. They are now of no value.

The first demand for payment of the note was made on August 27, 1940, in a letter to Frank B. Clancey, attorney for the executors, from Samuel Rosen, attorney for the trustee, in which he states,

"Among the assets of the estate which has been turned over to us for collection is a promissory note in the sum of $5,000 signed by the executors under the will of John D. Sullivan, secured by 100 shares of stock of the Commercial Brewing Company. This note is long past due, and demand is made upon the Estate for the payment of same. In the event the condition of the Estate does not warrant payment, it will be necessary for us to proceed against the Executors individually."

This action was filed November 6, 1940, and the case came on for hearing before the Court January 30, 1941.

The will of the deceased was probated February 29, 1932, the note is dated October 31, 1935. Nearly three years had elapsed between the probate of the will and the giving of the note. What had transpired during that time and what if any progress had been made in the settlement of the estate is not disclosed by the evidence. There is evidence tending to show that debts contracted by the deceased were outstanding unpaid. The executors apparently were desirous of paying them. The deceased was at one time president and director of the Brewing Company and at his death owned about seventy per cent of the stock upon which no dividend had been paid between the date of his death and the date of the note. The executors of the will thought they should realize something on the stock for the purpose of liquidating debts of the estate. They contacted the president and treasurer of the corporation seeking to have a dividend paid but none had been declared. They were fully apprised of the reason why the executors desired to raise the money. The whole transaction was of such an unusual character that explanatory evidence seemed essential and such was admitted subject to plaintiff's objection and exception. As I understand the evidence the suggestion of a loan with the stock as collateral came from the corporate officers. The transaction was carried out as suggested and the proceeds used by the executors to pay debts of the deceased. There was some suggestion that the stock would be used to liquidate the note and there is some warrant for this belief when it is considered that no demand for payment was ever made until the corporation got into financial difficulty and went into the hands of a trustee in bankruptcy. No interest was ever paid on the note and it does not appear that it ever went out of the possession of the corporation.

As above stated, the transaction, when read between the lines, was a peculiar one. There is no evidence that the corporation, by any authority of law or any vote of its directors, was authorized to loan money. Neither does it appear that the executors had or ever sought to obtain a license to pledge or sell the corporate stock or to borrow money thereon.

At the hearing before the Court the transaction on both sides appeared to be illegal at its inception. Counsel for the defendants filed a motion to amend their answer by setting up a plea of ultra vires. The motion was allowed and a copy of the charter of the Brewing Company was filed in evidence and further citation of authorities furnished by both sides.

The executors did not apply for or receive a license from the Probate Court to enter into the transaction, neither were they authorized to borrow money by the will of the testator. The law is well settled that administrators and executors have no right to borrow money and pledge the property of the estate as collateral to a loan, without authorization by the Probate Court. Dunham v. Blood, 207 Mass. 512, 93 N.E. 804; Wilton v. Eaton, 127 Mass. 174; Merchants' National Bank v. Weeks, 53 Vt. 115, 38 Am.Rep. 661; Bank of Newton County v. American Bonding Co., 141 Ga. 326, 80 S.E. 1003, 50 L.R.A.,N.S., 1089; Thompson v. Smith, 64 N.H. 412, 13 A. 639.

The law is equally well settled that corporations have no powers except such as are given them by their charters or such as are incidental and necessary to carry into effect the purposes for which they were established. Downing v. Mt. Washington Rd. Co., 40 N.H. 230; Trustees of South Newmarket Methodist Seminary v. Peaslee, 15 N.H. 317, 330; Davis v. Old Colony R. R. Co., 131 Mass. 258, 41 Am. Rep. 221; Norwell v. Equitable Trust Co., 249 Mass. 585, 144 N.E. 749; Central Transportation Co. v. Pullman's Palace Car Co., 139 U.S. 24, 11 S.Ct. 478, 35 L.Ed. 55; Long v. Georgia Pac. Ry. Co., 91 Ala. 519, 8 So. 706, 24 Am.St.Rep. 931.

Upon a consideration of the evidence adduced at the first hearing a verdict for the plaintiff appeared to lead to such injustice that the Court of its own motion raised the question of ultra vires and sought an examination of the plaintiff's charter which was

470

introduced in evidence and from an examination of the same it appeared that the plaintiff was not empowered to enter into a transaction of the character here disclosed.

The executors when they contacted the plaintiff corporation were not seeking to borrow money but were seeking the payment of a dividend which they thought justly should have been declared. In principle it was no different than if they had been attempting to collect a debt due the estate. Under such circumstances no license of the Probate Court would have been necessary. The suggestion of a loan came from the corporate officers resulting in the transaction above set forth. The corporate officers were fully informed and had knowledge that the money loaned was to be applied by the executors to the payment of debts of the estate. The check was made payable to the estate and the note was taken in the name of the estate. The estate received the entire benefit of the loan. The executors, personally, received no benefit therefrom. There is no suggestion of fraud or misrepresentation on either side. So far as appears both parties were innocent of any intention to commit a legal wrong.

This case is not unlike in principle from the case of Lawrence v. Toothaker, 75 N.H. 148, 71 A. 534, 23 L.R.A.,N.S., 428.

It is not necessary to determine whether the trustee in bankruptcy may have a right of action against the John D. Sullivan estate on the ground of money had and received or unjust enrichment. That question is not now before me.

I hold that the trustee cannot recover on the note against the executors of the estate.

Verdict for the defendants.