Parker, J.
This is an action of contract in which the plaintiff seeks to recover a real estate commission for the sale of a small farm in Southampton, Massachusetts. The plaintiff’s declaration reads as follows:
“And now comes the plaintiff in the above captioned action and says that the plaintiff was employed by the defendant to procure a customer for the defendant’s property with the buildings thereon located in Southampton; that the plaintiff did procure for the defendant a customer who was ready, willing, and able to buy the said property; that the property was sold to this said customer for the sum of .six thousand five hundred (6,500) dollars. Wherefore the defendant owes the plaintiff the sum of three hundred twenty-five (325) dollars, or five per centum of the purchase price which is the usual and reasonable compensation paid for such services in such case.”
The answer of the defendant was a general denial.
At the hearing before the trial judge, there was testimony tending to show that the plaintiff was a real estate agent with an experience of over thirty years; that the defendant and her husband lived on a farm in Southampton, which *38 they owned as tenants by the entirety; that prior to 1943, the plaintiff talked with the defendant about the sale of the farm and as a result of such conversation, the plaintiff showed the farm to three prospects, but did not complete any sale; that in April, 1944, the plaintiff again conversed with the defendant about the sale of her property, the said farm, and was told by the defendant that she did not wish to sell until she had completed the purchase of another place to which she could move, but that the plaintiff was to telephone the defendant within a few days and ascertain if she had such a place, and if so, the farm would be for sale; that within a few days the plaintiff by a telephone conversation with the defendant ascertained that the purchase of another place had been completed, and that the Southampton farm was for sale.
In the latter part of April 1944, the plaintiff showed the farm to one Harvey J. Roberts, in the presence of the defendant’s son during the absence of the defendant, but Roberts did not purchase the farm at that time. The plaintiff placed an advertisement in the Springfield Daily News on July 11, 1944, but there was no evidence that Roberts ever saw such advertisement. The plaintiff testified that the defendant gave him the price as $7000., but that she actually sold the farm herself personally for $6500. to the said Roberts, whom the plaintiff had introduced to the defendant. While the defendant denied any conversation with the plaintiff in 1944, she did admit that her sale price for the farm in 3943 was $6000. and in 1944 was $7000.
The plaintiff duly filed three requests for rulings, which, with the action of the court thereon, are as follows:
“1. If the plaintiff upon an oral agreement between him and the defendant introduced a purchaser for the land, to whom the defendant sold the land, the plaintiff is entitled to a broker’s commission. Desmond vs. Stebbins, 140 Mass. 339. 2. If the defendant sold the *39 property to a person procured by the plaintiff, the plaintiff is entitled to the broker’s compensation even though he was not present when the sale was completed. French vs. McKay, 181 Mass. 485. 3. The regular and usual compensation for the sale of real estate is five per centum of the purchase price.”
“The first and second requests are refused as inapplicable to the facts found, the plaintiff having failed to prove the contract alleged. The third request in so far as it' is a request for a ruling of law is refused. As a question of fact this request is in accord with the undisputed evidence in this case.”
The trial court made the following findings:
1 ‘ This is an action of contract by a real estate agent to recover a commission alleged to be due under a contract to procure a customer for the defendant’s farm. The answer is a general denial.
“It appeared that the plaintiff has been a real estate agent for years and still is such agent. The defendant lived with her husband on a farm in Southampton. The title to the farm was in the defendant and her husband jointly. Some time prior to 1943, the plaintiff had talks with the defendant about the sale of this farm, and had shown it to two or three possible customers.
“Late in April, 1944, the plaintiff went with one Harvey J. Roberts to the farm in question. The defendant was not at the farm that day, but the defendant’s son was there and he permitted Mr. Roberts to look over the farm, including a camp on part of it. The defendant’s son did not permit Mr. Roberts to inspect the interior of the house. There is no evidence that he was the agent of the defendant. The plaintiff and the defendant had some talk over the telephone about the sale of the place. The price named by the defendant was $7000., but the defendant did not Avish to sell unless and until she could arrange for the purchase of another farm.
“In the course of the summer, Mr. Roberts and his wife visited the farm two or three times. In August, 1944, the defendant and her husband (who had already *40 sold the camp to a Mr. Graves) sold the balance of the farm for $6500.
“The plaintiff caused to be inserted in the Springfield Daily News of July 11th, 1944, under the heading ‘Westfield Classified Ads.’ an advertisement of which the following is a copy:
‘Small Farm in Southampton, 35-40 acres. 8-room house built only a few years, new barn, wonderful outlook. Make nice summer home, or all year round. Can be bought for about what the house cost. Call 2436-M. ’ ”
There is no evidence that this advertisement was brought to the attention of the defendant or of Mr. Roberts. There is no. evidence that the plaintiff had any communication with Mr. Roberts after the visit to the farm in April, 1944.
‘ ‘ The plaintiff learned of the sale to Mr. Roberts and went to see the defendant. He demanded $325. as a commission, this being five per cent of the sale price of $6500. The defendant denied liability and refused to pay anything.
“I find that the plaintiff has not sustained'the burden of proving the contract alleged in his declaration.
“I find for the defendant, judgment to be entered Friday, November 3, 1944.”
We are impressed that this is one of those not infrequent cases arising between agent or broker and principal or owner where the agent contends that he secured a prospect “able, ready and willing” to purchase the property, but the transaction was never completed; at a later date the owner personally sells to the same prospect whom the agent contends he had originally introduced to the owner, and conveyance is made by the owner to the said prospect for a lessor price. The gist of this case as set forth in the declaration is whether there was a contract between the-plaintiff and the defendant. The plaintiff ’s declaration alleges that “the plaintiff was employed by the defendant to procure a customer for the defendant’s property.” The defendant’s answer denies that allegation.
*41 Even though the Trial Judge may well have found for the plaintiff on the reported evidence, it is to be noted that he has made a specific find “that the plaintiff has not sustained the burden of proving the contract alleged in his declaration.” Under the authority of Spritz vs. Brockton Savings Bank, 305 Mass. 172, it may be stated that we cannot interfere with the Trial Judge’s finding if there was any evidence to support it. He was at liberty to disbelieve any of the plaintiff’s evidence if he wished to do so. Shell Oil Co. vs. Davis, et al., 1944 Adv. Sheets 1756. In McKeon vs. Tyler, 254 Mass, at 144, the Court states:
“The plaintiff cannot recover unless he was employed by the defendant to make the sale. This agency and authority must be shown. He did not earn his commission by merely offering his services to the defendant, even if the defendant availed himself of the information and sold the property to the broker’s customer. ’ ’
On the facts found by the Trial Judge it does not seem to us that a finding of employment is compelled; therefore the Trial Judge’s finding that there was no hiring must stand and his action on the plaintiff’s requests based on the non-employment of the plaintiff was not prejudicial.